STATE ON RELATION OF ERNEST W. HOHLT *v.* SUPERIOR
COURT OF MARION COUNTY, ROOM NO. 2, ET AL.

[No. 371S70. Filed June 21, 1971.]

*William F. Snyder, Jr.,* of Indianapolis, for relator.

*William S. Hall,* of Indianapolis, for respondents.

GIVAN, J.—The relator filed its verified petition for alternative writs of mandate and prohibition against the Marion County Superior Court, Room 2, and against The Honorable Wilbur H. Grant, Judge of said court, ordering and directing said court to forthwith grant a change of venue from the county and to prohibit said court from acting further in the cause.

This Court on the 22nd day of March, 1971, issued the writ as prayed in the petition.

The record in this case discloses the following:

On January 4, 1971, one Carolyn Denslow Johnson filed an action in replevin against the relator. Personal service was had on January 5, 1971.

On January 28, the relator filed a motion for enlargement of time in which to plead, which motion the trial court granted.

The plaintiff then filed a motion to set aside the order for enlargement of time and also filed a motion for default judgment against relator.

On February 3, the respondent court set aside his order for enlargement of time.

On February 8, the relator filed an answer.

On February 10, relator filed a motion for change of venue from the county.

On February 25, plaintiff filed a combined motion to strike the answer and to deny relator's motion for change of venue from the county.

On February 26, the trial court granted the plaintiff's motion to set aside the court's order enlarging time for the defendant to answer, struck the defendant's answer filed on February 8, and denied the motion for change of venue filed on February 10, granted plaintiff's motion for a default judgment and set a date for hearing on the amount of damages.

Trial Rule 6 (B) of this Court provides that a trial judge may enlarge the time to do a required act after the expiration of time upon the showing of excusable neglect.

Trial Rule 55 (A) provides that a party who has failed to plead or otherwise comply with the rules may have default judgment rendered against him where such facts are made to appear by affidavit or otherwise.

Paragraph (B) of Trial Rule 55 states that the party entitled to a default shall apply to the court therefor.

This Court recognizes that in some instances issues are closed by operation of law. See *White* v. *Sloss* (1964), 245 Ind. 289, 198 N. E. 2d 219, 3 Ind. Dec. 321. (The *White* case involved a probate matter.) See also *State* v. *Redmon* (1933),

205 Ind. 335, 186 N. E. 328. (The *Redmon* case involved condemnation proceedings.)

Trial Rule 6 (C) provides that a responsive pleading required under the rules shall be served within twenty days after service of the prior pleading.

It is respondents' contention that relator having failed to file his responsive pleading within twenty days the issues were then closed and that the change of venue was not filed within ten days of the closing of said issues as required by Trial Rule 76. With this we do not agree.

Under the Rules above cited the issues do not automatically close upon the expiration of twenty days provided for a defendant to file a responsive pleading. If the defendant files an answer, the issues are then closed. If no responsive pleading is filed, the plaintiff may then be entitled to a default not because the issues are closed, but because the defendant has failed to file a responsive pleading within the required time. We hold that in this situation the issues are not closed until the trial judge renders his decision on the plaintiff's motion for default judgment. In the case at bar, therefore, the issues had not yet been closed at the time the defendant filed his motion for change of venue from the county. We, therefore, hold the trial court erred in denying said change of venue and that the relator is entitled to the relief prayed in his petition for mandate and prohibition.

The order of this Court issued March 22, 1971, is, therefore, made permanent.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur. concur.

NOTE.—Reported in 270 N. E. 2d 761.