CHEROKEE DRILLING CORPORATION ET AL. *v.* GIBSON COUNTY
BANK ET AL.

[No. 1-175A6. Filed November 6, 1975.]

*Timothy R. Dodd,* of Evansville, for appellants.

*David C. Luecking, Hall, Partenheimer & Luecking,* of
Princeton, *George R. Rehnquist,* of Princeton, for appellees.

ROBERTSON, C.J.—The defendant-appellant, Cherokee Drill-
ing Corporation (Cherokee) appeals a judgment of foreclosure

of first and second mortgages held by the appellees, Gibson County Bank and Clemens upon Cherokee's property.

The three issues presented upon appeal are whether Cherokee was served with all pleadings required to be served under Ind. Rules of Procedure, Trial Rule 5, whether the motion for change of venue was properly denied, and whether Cherokee received proper notice of the sale of the subject real estate.

Finding no reversible error we affirm the trial court's judgment.

The Bank filed its complaint for foreclosure of its first mortgage against Cherokee and Clemens, the second mortgage holder, on December 4, 1973. On January 4, 1974, Cherokee was defaulted for failure to appear or file a responsive pleading. On January 15, 1974, Clemens filed a cross-claim against Cherokee for foreclosure of its second mortgage. On January 25, 1974, an appearance was entered for Cherokee and an answer was filed to Clemens' cross-claim on April 15, 1974. Cherokee filed a motion for change of venue from the county four days later, on April 19, 1974. The motion was denied on May 10, 1974, and the case was assigned for trial on May 31, 1974. On the day of trial, Cherokee failed to appear and was defaulted by Clemens. The Bank advised the court by a "supplemental complaint" of further delinquent taxes and abstract expenses. This pleading was served upon Cherokee the day of trial by depositing in the mail. Trial was held and evidence presented. Judgment of foreclosure of both the Bank's and Clemens' mortgages was rendered and the subject real estate was sold upon statutory notice at a sheriff's sale to the highest bidder. Cherokee brings this appeal.

Cherokee first contends that it was denied the right to answer the allegations of the supplemental complaint where the pleading was served by mailing on the day judgment was entered. Cherokee argues that this procedure of necessity meant that the supplemental complaint could not have been

received until after the judgment entered and thus violated TR. 5.

Trial Rule 5 (A) (2) provides that each party shall be served with "every pleading subsequent to the original complaint." However, TR. 5 (A) (6) provides, in pertinent part:

"No service need be made upon parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them. . . ."

In the present case, Cherokee had been defaulted for failure to appear prior to the time the supplemental complaint was served. Thus, service of a subsequent pleading was not required unless it asserted new or additional claims for relief.

The supplemental complaint filed with the court in the present case merely apprised the court that additional delinquent real estate taxes had accrued and additional abstract costs had been expended for purposes of the trial. It did not assert new or additional claims for relief. Service of the pleading upon Cherokee was not required by TR. 5.

Cherokee next contends that the trial court erred in denying the motion for a change of venue. The proceedings relevant to this issue are as follows:

December 4, 1973    Bank files complaint for foreclosure of first mortgage.
January 4, 1974    Cherokee defaulted for failure to appear or plead.
January 15, 1974    Clemens filed cross-claim against Cherokee to foreclose second mortgage.
April 15, 1974    Cherokee filed answer to cross-claim.
April 19, 1974    Cherokee filed motion for change of venue.
May 10, 1974    Motion for change of venue denied.

Ind. Rules of Procedure, Trial Rule 76 provides for a change of venue in a civil action without a showing of cause upon the

timely filing of a motion therefor. TR. 76 (2) imposes the time limit after which a motion for an automatic change of venue shall be denied:

> "Any such application for a change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits."

Cherokee asserts that the issues were first closed on the merits upon filing of its answer to the cross-claim, on April 15, 1974, and therefore the motion for change of venue was timely filed four days later on April 19, 1974. Cherokee relies upon *State ex rel. Yockey* v. *Superior Court of Marion County* (1974), 261 Ind. 504, 307 N.E.2d 70, in which our Supreme Court held:

> "It is only the *original* answer which controls when the issues are *first* closed between adverse parties." 307 N.E. 2d at 72.

However, that statement refers to the original answer filed in response to the complaint, not to amended or supplemental answers or answers filed in response to subsequent pleadings. Moreover, *Yockey* was not intended to apply to a case in which the defendant fails to file an answer to the original complaint and default is entered against him as in the present action. This situation is controlled by the Supreme Court's decision in *State ex rel. Hohlt* v. *Superior Court of Marion County* (1971), 256 Ind. 544, 270 N.E.2d 761, which held that if no responsive pleading is filed the issues are first closed when the trial judge renders his decision on the plaintiff's motion for default judgment.

In the present case, the trial judge defaulted Cherokee for failure to answer the Bank's complaint on January 4, 1974. The issues were first closed upon the merits on that date and the ten day period for filing the motion for automatic change of venue began to run. Since Cherokee did not file its motion until April 19, 1974, long

after the ten day period had expired, the trial court did not err in denying a change of venue.

Cherokee finally contends that it did not receive proper notice of the mortgage foreclosure sale.

IC 1971, 32-8-16-1 (Burns Code Ed.) provides that after a judgment of foreclosure,

> ". . . upon the filing of a praecipe therefor by any judgment creditor in said proceeding, a copy of the judgment and decree shall be issued and certified by the clerk under the seal of the court, to the sheriff, who shall thereupon proceed to sell the mortgaged premises. . . ."

Cherokee contends, relying on TR. 5, that it was entitled to notice of the sale by service of a copy of the praecipe directing the clerk to certify the order of sale to the sheriff.

The praecipe provided for by the mortgage foreclosure statute does not appear to be one of the documents required to be served under TR. 5. Moreover, TR. 5 (A) (6) states that no service need be made upon parties in default, as was Cherokee in this case.

Furthermore, IC 1971, 32-8-16-1 (Burns Code Ed.) specifies the notice procedure to be followed prior to a mortgage foreclosure sale. The record evidences compliance with this procedure. Cherokee received proper notice of the sale.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 336 N.E.2d 685.