Karen Jean (Charlewood) **TEEGARDEN**,
Defendant-Appellant,

v.

Jimmie L. **SATTISON**, Clayton Sattison, Jr., and Sattison Refrigeration, Plaintiffs-Appellees.

No. 3–1279A336.

Court of Appeals of Indiana,
Third District.

May 22, 1980.

Howard E. Petersen and Richard K. Muntz, Petersen & Muntz Law Office, La-Grange, for defendant-appellant

Joshua I. Tourkow, Tourkow, Danehy, Crell, Hood & Rosenblatt, Fort Wayne, for plaintiffs-appellees.

STATON, Judge.

Jimmie L. Sattison, Clayton Sattison, Jr., and Sattison's Refrigeration (hereinafter collectively referred to as "Sattison"), filed a complaint against Karen Jean Teegarden for money owing on equipment sold and work performed. The trial court entered judgment for Sattison. Teegarden appeals, contending that the trial court erred in failing to grant a motion for a change of venue from the judge.

We reverse.

In 1975, the General Assembly enacted legislation [1] which significantly altered Indiana's system of courts of limited jurisdic-

1. IC 1971, 33–10.5–1–1 through 33–10.5–8–6 (Burns Code Ed., Supp. 1980).

tion. The legislation, inter alia, abolished justice of the peace courts and, in their place, established county courts.

Each of the county courts maintains three dockets:

(1) an offenses docket.

(2) a small claims docket for:

(A) all cases where the amount sought or the value of the property sought to be recovered is $1,500 or less, and

(B) all possessory actions between landlord and tenant where the rent reserved does not exceed $500 per month; and

(3) a plenary docket for civil cases above $1,500 but not more than $3,000. IC 33–10.5–7–1.

While cases assigned to the small claims dockets are subject to relaxed rules of procedure and evidence, the cases assigned to the plenary dockets are, except as otherwise provided in the Legislation, governed by the rules of procedure as adopted by the Supreme Court. IC 33–10.5–7–2.

Sattison filed its complaint in the plenary docket of the Steuben County Court on February 27, 1979. On April 2, 1979, Teegarden filed an answer to the complaint and a motion for a change of venue from the judge. The motion was denied and the matter proceeded to trial.

IC 33–10.5–7–3 specifically provides that a change of venue from the judge of a county court "shall be granted as provided by statute and rules of the Supreme Court of Indiana." Ind. Rules of Procedure, Trial Rule 76 renders the granting of a change of venue mandatory if it is requested within ten days after the issues are first closed on the merits. ·Here, the issues were not closed on the merits until Teegarden filed her answer, *State ex rel. Hohlt v. Superior Court of Marion Co.* (1971), 256 Ind. 544, 270 N.E.2d 761, and the motion for a change of venue was filed within ten days thereof. Accordingly, the trial court was required to grant the change of venue.

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.

GARRARD, P. J., and HOFFMAN, J., concur.