Robert **BERKEMEIER** and **Marilyn Berkemeier**, Defendants-Appellants,

v.

**RUSHVILLE NATIONAL BANK,**
Plaintiff-Appellee.

No. 1–883A243.

Court of Appeals of Indiana,
First District.

Feb. 16, 1984.

Eric N. Allen, Free, Brand, Tosick & Allen, Greenfield, for defendants-appellants.

William B. Keaton, Keaton & Keaton, Rushville, for plaintiff-appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Defendant-appellants, Robert Berkemeier and Marilyn Berkemeier (Berkemeiers) appeal an award of attorney fees in a mortgage foreclosure action instituted by plaintiff-appellee, Rushville National Bank (Bank).

We reverse.

## STATEMENT OF THE FACTS

On October 5, 1981, the Bank instituted its action to collect a promissory note in the amount of $233,548.93, executed by the Berkemeiers, and to foreclose the real estate mortgage which secured it. The mortgage contained a standard attorney fee clause which provided that upon default Berkemeiers would pay attorney fees. Berkemeiers failed to appear and on November 6, 1981, a default judgment was entered against them which included an award of attorney fees in the amount of $17,500.00. The award of attorney fees was contested by the Berkemeiers and the award was reversed by this court on August 31, 1982 in *Berkemeier v. Rushville National Bank*, (1982) Ind.App., 438 N.E.2d 1054, because it was not supported by evidence of the reasonableness thereof. We remanded the case with instructions to conduct a hearing on the issue of attorney fees.

On September 9, 1982, nine days after the first appeal was handed down, Berkemeiers filed a counterclaim to recover the $17,500.00 which they alleged to have paid, and further filed a motion for a change of venue from the county. The trial court denied the motion for change of venue and struck the counterclaim. On October 1, 1982, Berkemeiers filed a motion for a jury trial which was denied, and on January 7,

1983, the court conducted a hearing on the issue of attorney fees.

The Bank's witnesses testified the attorney fees were based on a contingent fee contract, the terms of which were 15% for the first $10,000.00, 10% on the next $100,000.00 and 5% on the balance up to $500,000.00. They stated that the customary fee for mortgage foreclosures in Rush County was calculated on a one-third contingent fee basis. The bank's attorney testified that he spent about 15 hours time on the Berkemeier case; that he did not regularly represent the Bank; that at the Bank's request he gave priority to the prosecution of the case; and that he had spent 50 to 60 hours unsuccessfully defending his fee on appeal.

Berkemeiers presented evidence that a reasonable noncontingent fee in a case such as this was about $8,000.00. Over objection, the trial court refused to permit Berkemeiers' expert to testify that a contingent fee was inappropriate for this kind of case.

Upon conclusion of the evidence, the trial court entered a judgment for attorney fees in the amount of $17,500.00, based upon findings of facts and conclusions of law wherein he essentially adopted the contingent fee approach.

## ISSUES

The Berkemeiers present five issues of error on appeal, restated by us as follows:

I. Error in awarding excessive attorney fees.

II. Error in denial of jury trial following reversal.

III. Error in denial of change of venue from county following reversal.

IV. Error in striking counterclaim.

V. Error in refusing to permit Berkemeiers' expert to testify as to the unreasonableness of a contingent attorney fee in a mortgage foreclosure.

## DISCUSSION AND DECISION

*Issues I and V: Contingent Fees.*

■ The threshold and fundamental question in this appeal is whether an obligee on an instrument such as a note and mortgage, which instrument contains a provision requiring the obligor to pay attorney fees upon default, can collect contingent attorney fees pursuant to a contract with his attorney where the obligor never assented to the contingent fee agreement; or whether the obligee must be content with reasonable attorney fees based upon other factors. After the judgment was entered in this case, we decided that issue favorably to the Berkemeiers' position in *Waxman Industries, Inc. v. Trustco Development Company*, (1983) Ind.App., 455 N.E.2d 376. There we stated that a contingent fee contract is inappropriate in cases such as this, where such arrangement is susceptible to abuse. A contingent fee contract entered into between an obligee and his attorney after the default of the obligor is not binding upon the latter absent his agreement. The fee can not be further bolstered by time spent unsuccessfully defending an inappropriate or unenforceable fee.

This cause is reversed and the trial court is ordered to conduct a hearing upon the issues of attorney fees following *U.S. Aircraft Financing, Inc. v. Jankovich*, (1980) Ind.App. 407 N.E.2d 287, and *Waxman, supra*. The Code of Professional Responsibility, Sec. *D.R. 2–106(B)*, is a suggested guide for fixing fees in cases such as this.

*Issue II: Jury Trial.*

■ Neither party argues the disposition we adopt, rather, they confine their arguments to Ind.Rules of Procedure, Trial Rule 38(B). However, a party in a suit on a note and mortgage foreclosure is not entitled to a jury even though a counterclaim is filed and part of the issues are legal, because the action is essentially equitable. *Farmers Bank and Trust Company v. Ross*, (1980) Ind.App., 401 N.E.2d 74 (transfer denied). The court committed no error in denying the Berkemeiers' request for a jury trial.

*Issue III: Change of Venue.*

In the original proceedings the trial court granted the Bank's request for attorney fees in the amount of $17,500.00 by default. The Berkemeiers filed both a motion for relief from the judgment and a motion to correct errors, supported by affidavits challenging only the amount of the attorney fees. The Bank filed a counter-affidavit setting up its contingent fee contract with the attorney. Both motions were denied by the trial court, which action was reversed by us in the opinion handed down on August 31, 1982. We ordered the "... cause remanded to the trial court for further hearing on the issue of attorney fees only".

On September 9, 1982, the Berkemeiers filed their unverified motion for a change of venue from the county, pursuant to Ind. Rules of Procedure, Trial Rule 76, which motion was denied. Upon filing an unverified motion a party is entitled to one change of venue from the county if the application is filed within 10 days after the issues are first closed on the merits. Ind. Rules of Procedure, Trial Rule 76(2). He is also entitled to a change of venue if the application is filed within 10 days from the date an order granting a new trial is entered, whether the order is a result of an appeal or not. T.R. 76(5). The Berkemeiers therefore contend that the court erred in not granting their motion for change of venue. The Bank argues, without any citation of relevant authority, that remand on the issue of attorney fees does not constitute a new trial as contemplated by T.R. 76(5).

■ IND.CODE 34–1–13–1 which formerly governed change of venue has been superceded by the Ind.Rules of Procedure. Contrary to the Bank's argument, these rules govern change of venue proceedings. *Bicanic v. Lake Circuit Court*, (1973) 260 Ind. 73, 292 N.E.2d 596. Contrary to the Berkemeiers' argument, where a default judgment is entered the issues are first closed when the trial court renders his deci-

sion on the plaintiff's motion for default judgment. *State Ex Rel. Hohlt v. Superior Court of Marion County,* (1971) 256 Ind. 544, 270 N.E.2d 761; *Cherokee Drilling Corporation v. Gibson County Bank,* (1975) 166 Ind.App. 457, 336 N.E.2d 685. Since the default judgment was entered on November 6, 1981, and the Berkemeiers did not file their T.R. 76(2) motion until nearly one year later, they have no right to a change of venue under that rule.

Ind.Rules of Procedure, Appellate Rule 15(N) addresses the relief that may be granted by the appellate tribunal upon reversal.

> "An order or judgment upon appeal may be reversed as to some or all of the parties and in whole or in part. The court, with respect to all or some of the parties or *upon all or some of the issues,* may order:
>
> (1) A new trial." (Our emphasis).

The rule further provides:

> "... if a new trial is required it shall be limited only to those parties *and issues* affected by the error...." (Our emphasis).

It is black letter law that a trial is an investigation under the direction and control of the state for the purpose of the discovery of the truth and establishing the facts on which the sentence of the law may be pronounced. 28 I.L.E. *Trial,* Sec. 1 (1960) We do not believe the label attached, be it hearing or trial, is determinative. It has been held in a mechanic's lien foreclosure suit, that attorney fees are a severable issue. *Waverly Company v. Moran Electric Service, Inc.,* (1940) 108 Ind.App. 75, 26 N.E.2d 55.

■ We conclude, therefore, that the determination of attorney fees is an issue in itself. Since T.R. 76(5) does not by its terms limit a change of venue to a situation where a new trial is granted on all issues, and since A.R. 15(N) provides for a new trial on one or more of the issues, a party receiving a new trial or reversal is entitled to a change of venue from the county, if timely filed, even on one or more but less than all the issues.

It is true that when a cause is remanded and no new trial is ordered the change of venue rule may not apply. *Public Service Commission of Indiana v. Indiana Bell Telephone Co.,* (1955) 235 Ind. 1, 130 N.E.2d 467. Also, it may be true under some circumstances where judgment is rendered upon default, dismissal, or summary judgment, that no trial was conducted and thus a request for a new trial is inappropriate. *Hoag v. Jeffers,* (1928) 201 Ind. 249, 159 N.E. 753; *Carlson v. Carlson,* (1971) 148 Ind.App. 409, 266 N.E.2d 807; *Meier v. Social Security Administration,* (1957) 237 Ind. 421, 146 N.E.2d 239; *Harding v. Brown,* (1969) 144 Ind.App. 528, 247 N.E.2d 536; *Sacks v. Winkler,* (1967) 141 Ind.App. 13, 226 N.E.2d 172. Since the original ruling on attorney fees was on default, and it was upon that default that a retrial was ordered, it is arguable that such new proceeding was not a *new* trial. However, we need not decide that question. We are remanding this cause on Issue I. Our discussion here is based on our anticipation that a similar motion for change of venue will be filed upon retrial, and therefore, we have discussed this issue for the guidance of the trial court.

*Issue IV: Counterclaim.*

The Bank concedes that the Berkemeiers would be entitled to any surplus of attorney fees paid out if the court determines upon retrial that reasonable attorney fees are less than $17,500.00. However, it argues that (1) Berkemeiers did not receive the court's permission to file their counterclaim as required by Ind.Rules of Procedure, Trial Rule 13(E); and (2) since the trial court again entered its judgment for $17,500.00 the question of a surplus is moot. Since we have remanded the matter for retrial, we must also address this question for guidance of the trial court upon retrial.

■ Ind.Rules of Procedure, Trial Rule 13(A) requires a counterclaim arising out of the same transaction as the original claim to be filed as a compulsory counterclaim. If a compulsory counterclaim is not

so presented, it is barred. *Middlekamp v. Hanewich,* (1977) 173 Ind.App. 571, 364 N.E.2d 1024. However, when the claim of the defendant against the plaintiff, as here, does not accrue until after the responsive pleading, such counterclaim is not compulsory. *Whipple v. Dickey,* (1980) Ind.App. 401 N.E.2d 787. Trial Rule 13(B) provides for a permissive counterclaim for any claim against the opposing party not arising out of the same transaction. Since Berkemeiers' claim arose after the default, it is permissive. Further it must comport with T.R. 13(E) and permission to file it must be obtained. The propriety of allowing the filing of a permissive counterclaim after the issues are closed is addressed to the sound discretion of the trial court. *Whipple v. Dickey, supra.* Further, the failure to file a permissive counterclaim does not bar action on those issues. While it would seem that in the interest of judicial economy the two matters should be tried together, it is not mandatory. We find no error.

For the above reasons this cause is reversed on the issue of attorney fees and the trial court is directed to grant a new trial on that issue.

Judgment reversed.

ROBERTSON and RATLIFF, JJ., concur.