Joseph (Jay) BLANK, III, Petitioner,

v.

Carol Ann BLANK, Respondent.

Family Court of Delaware,
New Castle County.

Submitted: April 1, 1986.

Decided: April 30, 1986.

Michael J. Goodrick, Wilmington, for petitioner.

Kenneth F. Carmine, Wilmington, for respondent.

JAMES, Judge.

Respondent has moved to dismiss the pending divorce petition on the ground that this Court lacks jurisdiction over the subject matter of the complaint—the marriage res—since the parties were divorced by a valid Indiana decree dated May 10, 1976.[1] Alternatively, respondent asserts that petitioner should be estopped from contesting the validity of the Indiana decree because both parties have remarried in reliance upon that decree and innocent parties would be substantially prejudiced by this ten year late attack.

The record shows that petitioner and respondent were married in Notre Dame, Indiana, on September 11, 1965, and four children were born of this marriage. At some point, marital difficulties caused the parties to separate with petitioner moving from the marital residence in South Bend to an apartment in Muncie, Indiana. Early in March 1975, petitioner called respondent to tell her that he would be leaving for parts unknown since he was suspected of embezzling from his employer, and on March 19, 1975, respondent filed for divorce. The complaint and summons were delivered to the South Bend residence along with a first class letter to petitioner at that address. Although petitioner returned to South Bend in April 1975, there is some dispute as to whether petitioner ever picked up the summons and complaint from the former marital residence. However, it is clear that petitioner did not appear to defend the action and a decree divorcing the parties was entered by the Circuit Court of St. Joseph's County on May 10, 1976.

Respondent attempted to register a support order in Delaware, where petitioner had moved, based on the support provisions of the 1976 Indiana divorce decree. The Family Court decision permitting registration was reversed on appeal on the ground that petitioner was denied due process because service of process in the 1976 action did not conform to Indiana law. Petitioner

---

1. In the earlier action of *Carol Ann (Blank) McFarlane v. Joseph Blank, III, aka Jay Blank,* Del.Supr., 505 A.2d 453 (1985) the Supreme Court affirmed the reversal by the Superior Court of the Family Court's denial of a petition to vacate the foreign support order registered in the Indiana divorce proceeding.

contends that the appellate court order conclusively established the 1976 divorce decree as void.

It is well established that a person by his conduct may be estopped from questioning the validity of a divorce decree that would otherwise be void for want of jurisdiction. 24 Am.Jur.2d *Divorce & Separation* § 1118 (1964). In *DuPont v. DuPont*, Del. Supr., 90 A.2d 468 (1952), *cert. denied* 344 U.S. 836, 73 S.Ct. 46, 97 L.Ed. 651 (1952), the Supreme Court cited with approval *Johnson v. Muelberger*, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951), which announced the rule that one state must prevent collateral attack upon the decree if the state in which the decree was entered would not permit collateral attack upon it to be made in its courts. A review of Indiana authority reveals that Indiana would not permit an attack upon its decree under the circumstances of this case. For example, in *Earle v. Earle*, 91 Ind. 27 (1883), (cited in 17 A.L.R. 4th 1153 § 9(b)), the court refused to vacate a divorce decree on the grounds that there was fraud in the procurement of the decree when the wife waited fifteen years to contest the legality of the judgment even though she had been aware of the judgment for several years. The court also observed that during the intervening years the husband had remarried and several children had been born of the marriage. If the decree were set aside, the court reasoned, innocent parties would be harmed. Similarly, in *Carlson v. Carlson*, Ind.App., 148 Ind.App. 409, 266 N.E.2d 807 (1971), an Indiana court declined to vacate a divorce decree because the petitioner had remarried and thereby accepted the benefits of the decree.

The above cited cases were not overruled by *Alderson v. Alderson*, Ind.Supr., 258 Ind. 328, 281 N.E.2d 82 (1972), where the Supreme Court held that the principle of indivisibility was no longer viable as this principle, when applied with the doctrine of estoppel, would prevent a party who had remarried after a decree of divorce was entered from challenging any part of the divorce decree on appeal, thereby producing "... severe results which border on absurdity." *Id.* 281 N.E. at 83. However, the Court also explained:

> The doctrine of estoppel as applied to appeals from divorce proceedings is founded upon the equitable concept that one who acknowledges the validity of a divorce decree by remarrying should be estopped from denying the validity of the dissolution of the marital relationship on appeal. The doctrine, when applied in this manner, is entirely logical and, indeed, necessary. It would be ludicrous to permit a party to a divorce who has subsequently contracted a perfectly valid second marriage to have the second marriage, on his own motion, rendered bigamous on appeal.

*Id.*

It is apparent that an individual who has remarried and thereby accepted the benefits of a divorce decree is estopped from challenging the validity of the decree on appeal or by way of a collateral attack. See *Novak v. Novak*, Ind.App., 126 Ind. App. 428, 133 N.E.2d 578 (1956).

There is no dispute in the instant case that both parties have remarried during the ten years which have elapsed since the original decree was entered. Petitioner's contention that respondent would not suffer any prejudice if his divorce petition is permitted to proceed is incredible. Since Indiana would not permit petitioner to challenge the 1976 decree, this Court must accord the decree full faith and credit. *DuPont, supra*. As there is currently no existing marriage between the parties, this Court is without jurisdiction to proceed on the present divorce petition which is hereby dismissed. *L.R.K. v. B.J.K.*, Del.Fam., No. KD–77–05–CV–260, Kelsey, J. (Sept. 14, 1977); *Jacobs v. Jacobs*, Del.Supr., 76 A.2d 742 (1950).

IT IS SO ORDERED.