**Terry R. HUBER, Appellant,**

v.

**UNITED FARM FAMILY MUTUAL INSURANCE COMPANY, Appellee.**

No. 67A01–0601–CV–6.

Court of Appeals of Indiana.

Aug. 25, 2006.

Publication Ordered Oct. 26, 2006.

James E. Ayers, Gwyneth Ayers, Wernle, Ristine & Ayers, Crawfordsville, for Appellant.

Jeffrey R. Oberlies, Jan N. Campbell, John M. Mead, Leeuw Oberlies & Campbell, P.C., Indianapolis, for Appellee.

## MEMORANDUM DECISION

CRONE, Judge.

### Case Summary

Terry R. Huber appeals the trial court's grant of summary judgment in favor of United Farm Family Mutual Insurance Company ("Farm Bureau"). We reverse and remand.

### Issues

We restate the issues as follows:

I.   Whether Huber's claims are precluded by the doctrine of res judicata;

II.   Whether any issues underlying Huber's claims are precluded by the doctrine of res judicata; and

III.   Whether the appraisal is binding on Huber.

### Facts and Procedural History

On February 11, 2002, Huber's place of business, the Roachdale Dairy Bar, was damaged by fire. At the time, the property was covered by a policy from Farm Bureau. Huber and Farm Bureau were unable to reach an agreement as to the amount owed under the insurance contract. Therefore, they began an appraisal process prescribed by the policy:

> If we [Farm Bureau] and you [Huber] disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection may be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

Appellant's App. at 51. Farm Bureau appointed Jim Williams to be its appraiser, and Huber selected David West.

Williams and West were unable to agree on an umpire. Therefore, on February 3, 2003, Farm Bureau filed a petition to name an umpire with the Montgomery Circuit Court. The cause was eventually transferred to the Putnam Circuit Court. On March 25, 2003, Farm Bureau submitted a list of names of proposed umpires. On March 27, 2003, the court issued an order naming Howard Yosha as umpire. Yosha declined to serve as umpire. On April 10, 2003, the court granted Huber ten days to file a list of proposed appointees. However, there is no evidence that Huber received notice of these proceedings until April 14, 2003. On April 23, 2003, the court issued an order naming William Keller as umpire.

West later came to suspect that Keller was not acting as an impartial umpire. In an affidavit dated June 23, 2003, West stated that he had learned that Keller served as an expert witness for insurance companies and that he had known Williams for over fifteen years. West asked Keller if he had read West's documentation. Keller stated, "I can ignore anything I want." Appellant's App. at 215. Keller eventually approved an award that was even less than the amount to which Farm Bureau had stipulated. It does not appear that West's affidavit was filed with the court.

On June 30, 2003, Williams and Keller filed a notice of appraisal award. On July 3, 2003, West filed a letter with the court questioning Keller's competence. The court scheduled a hearing for August 6, 2003. At that time, the court entered the following order: "The Court, having determined that an Appraisal Award had been issued in accordance with the Defendant's policy of insurance, herein orders that this

matter is concluded this 6th day of August, 2003." Appellant's App. at 240.

On February 11, 2004, Huber filed a complaint with the trial court stating three causes of action: breach of contract, breach of the duty of good faith and fair dealing, and fraud. Huber alleged that Farm Bureau had failed to pay all sums due to him and had falsely represented that Keller was impartial. Farm Bureau filed a motion for summary judgment on June 2, 2005. On November 21, 2005, the trial court granted Farm Bureau's motion, concluding that Huber could have brought all of his claims in the previous proceeding, and therefore they were barred by the doctrine of res judicata.

### Discussion and Decision

This case comes before us on appeal from summary judgment. Our standard of review is well settled:

While the party losing in the trial court must persuade us that the trial court's decision was erroneous, we face the same issues as did the trial court and analyze them in the same way. Summary judgment is appropriate only if the pleadings and evidence show both the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The evidence before the court must be liberally construed in the light most favorable to the non-moving party. Where material facts conflict, or undisputed facts lead to conflicting material inferences, summary judgment is inappropriate. We carefully scrutinize a trial court's grant of summary judgment to assure that the losing party is not improperly prevented from having its day in court.

*Butler v. City of Indianapolis,* 668 N.E.2d 1227, 1228 (Ind.1996) (citations omitted). ■ Huber asserts that his claims are not barred by the doctrine of res judicata.

*Res* judicata may bar litigation of an entire claim or an issue:

Claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. Issue preclusion, also referred to as collateral estoppel, bars the subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action. Where issue preclusion or collateral estoppel applies, the previous judgment is conclusive only as to those issues actually litigated and determined therein.

*Brown v. Jones,* 804 N.E.2d 1197, 1202–03 (Ind.Ct.App.2004) (citations omitted), *trans. denied.* Huber asserts that neither branch of the doctrine applies in this case.

### I. Claim Preclusion

■ The trial court concluded that Huber's claims could have been brought in the previous proceeding. However, he is not barred from bringing those claims unless they were compulsory counterclaims in the earlier proceeding. *See* Ind. Trial Rule 13 (distinguishing compulsory and permissive counterclaims); *see also Berkemeier v. Rushville Nat'l Bank,* 459 N.E.2d 1194, 1199 (Ind.Ct.App.1984), *and Hunter v. Milhous,* 159 Ind.App. 105, 111, 305 N.E.2d 448, 452 (1973) (holding that a claim that accrues after a responsive pleading is not a compulsory counterclaim). A party must raise "any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of

third parties of whom the court cannot acquire jurisdiction." Ind. Trial Rule 13.

Huber asserts that he never received notice of the earlier proceeding in which Farm Bureau sought appointment of an umpire. However, assuming that he was in fact served on April 14, 2003, and that a responsive pleading was required, he had twenty days from that time to respond. Ind. Trial Rule 6(C) (governing service of pleadings). Therefore, any responsive pleading that Huber wished to file would have been due on May 5. However, according to West's affidavit, he did not become concerned about Keller's impartiality until June 20. Huber's claim did not exist at the time when a responsive pleading would have been due; therefore, it is not a compulsory counterclaim under Trial Rule 13.

## II. Issue Preclusion

▪ Huber asserts that the issues encompassed by his claims are not barred by res judicata because there was not a judgment on the merits. "In order to bar relitigation of an issue, the doctrine of collateral estoppel requires: 1) a final judgment on the merits in a court of competent jurisdiction; 2) identity of the issues; and 3) the party to be estopped was a party or the privity of a party in the prior action." *Small v. Centocor, Inc.*, 731 N.E.2d 22, 28 (Ind.Ct.App.2000), *trans. denied.* We agree that there was no judgment on the merits. In the first proceeding, the court was simply called upon to appoint an umpire. When an umpire was appointed and had completed the work he was appointed to do, the court closed the matter. The court did not render any judgment as to Keller's impartiality, the appropriateness of the appraisal award, or the effect of the appraisal. As already discussed, Huber did not have to bring his claims before court at that time. Because he chose not to, there was nothing for the trial court to decide. Therefore, there was no judgment on the merits, and the issues are not precluded from being litigated in this proceeding.

## III. Binding Effect of Appraisal

▪ Farm Bureau argues that Huber is bound by the appraisal because he submitted to it voluntarily. In interpreting a similar appraisal clause in an insurance contract, our court determined that a person who voluntarily submits to an appraisal is bound by it. *Atlas Constr. Co. v. Ind. Ins. Co.*, 160 Ind.App. 33, 38, 309 N.E.2d 810, 814 (1974). However, even Farm Bureau acknowledges that an appraisal may be set aside "if it is tainted with fraud, collusion or partiality for appraisers, though selected by the respective parties, 'must act free from bias, partiality, or prejudice in favor of either of the parties.'" *Id.* at 38, 309 N.E.2d at 813 (citation omitted). This is exactly what Huber has alleged in his complaint.

In conclusion, we hold that neither Huber's claims nor their underlying issues are barred by the doctrine of res judicata. Huber has alleged that Farm Bureau acted fraudulently and that the umpire was biased. Since res judicata does not apply and Huber has alleged an appropriate ground for setting aside the appraisal, Farm Bureau is not entitled to judgment as a matter of law. Therefore, we reverse and remand for further proceedings.

Reversed and remanded.

BAKER, J., and VAIDIK, J., concur.

### ORDER

On August 22, 2006, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellant, by counsel, has filed a Motion for Publication of Not–For–Publication Memorandum Decision. The Appellant states that the Court's decision has

established a rule of law as to the limits of the applicability of *res judicata* to a series of events, and further, it clarifies the interrelationship of Ind. Trial Rule 6(C) (governing service of pleadings) and T.R. 13 (compulsory counterclaims) and their effect on a claim of *res judicata.* Therefore, the Appellant asks the Court to publish the August 22nd decision of this Court.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion for Publication is GRANTED, and this Court's opinion heretofore handed down in this cause on August 25, 2006, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

All Panel Judges Concur.