CITY OF FORT WAYNE *v.* STATE OF INDIANA EX REL. JAMES HOAGLAND, AND JAMES HOAGLAND D/B/A HOAGY'S WRECKER SERVICE.

[No. 3-873A112. Filed March 3, 1976.]

---

1. We express no opinion as to the case where solitary confinement is imposed solely as a means of punishment.

*David B. Keller,* City Attorney, *Ralph R. Blume, John R. Fleck, Warren Rosenblatt, David A. Travelstead,* Associate City Attorneys, of Fort Wayne, for appellants.

*Ronald D. Frybarger,* of Fort Wayne, *Max E. Hobbs,* of Fort Wayne, for appellees.

STATON, P.J.—Hoagland brought an action against the City of Fort Wayne and others seeking a preliminary injunction, a permanent injunction, and damages for alleged restraint of trade. The trial court entered a default judgment against the City and others permanently enjoining them from certain acts. In addition, the judgment awarded Hoagland $100,000.00 damages and $5,000.00 for attorney fees.

Our opinion discusses this sole issue:

Did the trial court err in striking the City's motion for change of venue from the county?

We conclude that the trial court did err, and we reverse.

The City contends that it was entitled to a change of venue under Indiana Rules of Procedure, Trial Rule 76(1) and (2) which provide:

"(1) In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the county and only one [1] change from the judge.

"(2) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for a change of judge or change of venue shall be filed not later than ten [10] days after the issues are first closed on the merits."

The sequence of events is:

| | |
|---|---|
| January 11, 1973 | Hoagland files his complaint |
| January 15, 1973 | Hearing on preliminary injunction set for March 8, 1973 |
| January 16, 1973 | Service of summons and complaint on all defendants |
| February 6, 1973 | City files its answer |
| February 16, 1973 | City files motion for change of venue from the county |
| February 20, 1973 | Hoagland files motion to strike the motion for change of venue |
| February 21, 1973 | Trial court grants Hoagland's motion to strike City's motion for change of venue |
| February 22, 1973 | Hoagland files application for default judgment for failure of City to answer interrogatories |
| March 5, 1973 | Trial court enters default judgment in favor of Hoagland |

The issues were first closed on the merits on February 6, 1973 when the City filed its answer.[1] *State ex rel. Yockey* v. *Superior Court* (1974), 261 Ind. 504, 307 N.E.2d 70. The ten day period during which City could still file for an automatic change of venue from the

---

1. Pursuant to Indiana Rules of Procedure, Trial Rule 6(C), City's answer was not timely. City's answer was not served until February 6, 1973. This was 21 days after service of the complaint on January 16, 1973. [February 5, 1973 was neither a Saturday, Sunday nor legal holiday. TR. 6(A)]. However, the late filing of the answer does not effect the time period within which a party may seek an automatic change of venue. The issues are not first closed until the answer is filed or the trial court renders a decision on plaintiff's motion for default judgment. *State ex rel. Hohlt* v. *Superior Court* (1971), 256 Ind. 544, 270 N.E.2d 761; *Cherokee Drilling Corp.* v. *Gibson County Bank* (1975), 166 Ind. App. 457, 336 N.E.2d 685. We would also point out that the right to automatic change of venue is not waived by failure to seek a writ of mandate. *State ex rel. Williams Coal Co.* v. *Duncan* (1937), 211 Ind. 203, 6 N.E.2d 342.

county began to run from February 6, 1973. It is apparent that City's motion for automatic change of venue was timely filed on February 16, 1973. When a motion for change of venue from the county or the judge is filed in a civil action within the time period prescribed by TR. 76, the duty to grant the change of venue motion is mandatory upon the presiding judge. *State ex rel. Bicanic* v. *Lake Circuit Court* (1973), 260 Ind. 73, 292 N.E.2d 596; *State ex rel. Hohlt* v. *Superior Court* (1971), 256 Ind. 544, 270 N.E.2d 761. The purpose of the automatic change of venue rule is to guarantee a fair and impartial trial. The purpose of the time limits on the right to automatic change of venue is to avoid protracted litigation. *State ex rel. Yockey* v. *Superior Court, supra;* *Hunter* v. *Milhous* (1973), 159 Ind. App. 105, 305 N.E.2d 448.

Hoagland contends that the granting of his motion to strike the City's motion for change of venue is justified under either TR. 76(3) or TR. 76(7). TR. 76(3) provides:

"(3) Provided, however, in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty [30] days after the filing of such case within which to request a change from the judge or the county."

Hoagland argues that since Indiana Rules of Procedure, Trial Rule 65(A)(4) provides that responsive pleadings are not required in response to any pleadings relating to preliminary injunctions, the City had thirty days from the filing of the complaint on January 11, 1973 to file an application for automatic change of venue. Therefore, since the motion for change of venue was not filed until February 16, 1973, it was not timely and the trial court properly struck the City's motion. The defect in Hoagland's argument is that TR. 65(A)(4) specifically applies only to preliminary injunctions. Hoagland's complaint sought, in addition to a preliminary injunction, a permanent injunction and damages. Indiana Rules

of Procedure, Trial Rule 7(A)(1) provides that the pleadings *shall* consist of a complaint and an answer. If the City had failed to anwer Hoagland's complaint the City would have been subject to default judgment. Indiana Rules of Procedure, TR. 55. As pointed out in 4 W. HARVEY & R. TOWNSEND, INDIANA PRACTICE 386 (1971):

> "A party to an action may seek an injunction as a kind of relief in one of three situations. First, he may seek a permanent injunction as the final kind of relief to be granted in the action. This type of relief is not governed by Rule 65, and since this kind of remedy flows from the inherent equitable power of the courts it is determined by general case law and statutory principles, subject to the general rules of civil procedure. . . ."

We have discovered no statute making a responsive pleading unnecessary to a complaint for permanent injunction and damages.[2] The City's right to a change of venue was governed by TR. 76(2) not TR. 76(3).

Hoagland also argues that the City has waived its right to a change of venue pursuant to TR. 76(7), which provides:

> "(7) Provided further, a party shall be deemed to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a party may ask for a change, evidenced by an order book entry and no objection is made thereto by a party as soon as such party learns of the setting for trial. Such objection, however, must be made promptly and entered of record, accompanied with a motion for a change from the judge or county (as the case may be) and filed with the court."

It is Hoagland's contention that the City has waived its right to an automatic change of venue by failing to object when the trial court set March 8, 1973 for a hearing on his

---

2. The propriety of an answer to a complaint for permanent injunction has been recognized by past decisions of the Supreme Court of Indiana. *See McAllister* v. *Henderson* (1893), 134 Ind. 453, 34 N.E. 221; *Kyle* v. *Board of Comm'rs* (1884), 94 Ind. 115.

application for preliminary injunction. Hoagland argues that a hearing on a preliminary injunction is a trial within the meaning of TR. 76(7). This is a question of first impression in Indiana. However, prior Indiana cases have rejected the contention that a hearing on an application for preliminary injunction is a trial. *Public Service Commission* v. *Indianapolis Railways, Inc.* (1947), 225 Ind. 30, 72 N.E.2d 434; *Pence* v. *Garrison* (1884), 93 Ind. 345. We also reject this contention in the context of TR. 76(7). Hoagland's argument misconceives the function of a preliminary injunction. The function of a preliminary injunction is to preserve the status quo pending the final determination of the case on the merits. See *State ex rel. American Reclamation & Ref. Co.* v. *Klatte* (1971), 256 Ind. 566, 270 N.E.2d 872. As the Supreme Court of Indiana stated in *Tuf-Tread Corp.* v. *Kilborn* (1930), 202 Ind. 154, 157, 172 N.E. 353, 354:

> " '. . . The question for the court upon the interlocutory application [for preliminary injunction] is not the final merits of the case. When the cause comes to be heard, the final merits may be very different. . . .' "

The term trial, on the other hand, contemplates a final adjudication of the case on the merits resulting in a judgment. *State ex rel. Hale* v. *Marion County Mun. Court* (1955), 234 Ind. 467, 127 N.E.2d 897. The proper method of appeal from a final judgment is by filing a motion to correct errors. Indiana Rules of Procedure, Trial Rule 59. The proper method of appeal from the grant or denial of an application for preliminary injunction is by perfecting an interlocutory appeal. Indiana Rules of Procedure, Appellate Rule 4(B)(3). Obviously, a hearing on an application for preliminary injunction does not result in a final adjudication on the merits and is not a trial within the meaning of TR. 76(7).

We are aware that TR. 65(A)(2) provides for a consolidation of the hearing on the preliminary injunction with the trial on the merits. If the trial court's order setting the date for hearing had contemplated a combined hearing on the

application for preliminary injunction and on the merits, we would have no difficulty upholding the trial court's grant of the motion to strike the motion for change of venue. *School City of Gary* v. *Continental Electric Co.* (1971), 149 Ind. App. 416, 273 N.E.2d 293. However, the trial court's notice to the City was clearly limited to a hearing on the application for preliminary injunction. We conclude that the setting of a hearing on an application for preliminary injunction is not a trial within the meaning of TR. 76(7).[3]

It is the general rule that once a proper and timely motion for change of venue is filed, the trial court is divested of jurisdiction to take further action except to grant the change of venue. *State* v. *Laxton* (1962), 242 Ind. 331, 178 N.E.2d 901; *Indianapolis Dairymen's Co-op, Inc.* v. *Bottema* (1948), 226 Ind. 260, 79 N.E.2d 409; *Anderson* v. *Sell* (1971), 150 Ind. App. 262, 276 N.E.2d 194.[4] However, pursuant to Indiana Rules of Procedure, TR. 78, the trial court retains jurisdiction to hear emergency matters between the time a motion for change of venue is filed and the time the change of venue is perfected. *Squarcy* v. *Van Horne* (1975), 163 Ind. App. 64, 321 N.E.2d 858; *Smith* v. *Indiana State Bd. of Health* (1973), 158 Ind. App. 445, 303 N.E.2d 50, *cert. denied* 419 U.S. 836, 95 S.Ct. 63, 42 L.Ed.2d 62 (1974). In the case before us, the entry of default judgment was not such an emergency measure.[5] *Michigan Mutual Liability Co.* v. *Perez* (1965), 137 Ind. App. 247, 207 N.E.2d 368. Since we have determined that the City was entitled to a

3. See *Pure Milk Prod. Coop.* v. *National Farm Organization* (1974), 64 Wis.2d 241, 219 N.W.2d 564, holding that a trial was not commenced at the time of the hearing on the preliminary injunction within the meaning of Wisconsin's substitution of judge statute.

4. Decisions of this Court and the Indiana Supreme Court interpreting prior Supreme Court Rule 1-12B are genreally relevant to a consideration of TR. 76 since the provisions of TR. 76 are substantially similar to provisions of Rule 1-12B. There has been no change in the mandatory nature of the automatic change of venue provisions.

5. We would point out that the trial court would have jurisdiction to grant a preliminary injunction pending the perfection of the change of venue. See *Indianapolis Dairymen's Co-op, Inc.* v. *Bottema* (1948), 226 Ind. 260, 79 N.E.2d 409.

change of venue and that the trial court lacked jurisdiction to enter default judgment against the City, we need not reach the other contentions of error raised on appeal concerning the entry of default judgment.

The judgment of the trial court is hereby reversed and remanded with instructions to set aside the judgment granting a permanent injunction and damages. The trial court is instructed to grant the City's motion for change of venue from the county.

Hoffman, J. and Garrard, J., concur.

NOTE.—Reported at 342 N.E.2d 865.