Trent Thompson, Mead, Mead & Thompson, Salem, for appellant-defendants.

John W. Doehrman, Jeffersonville, Jean E. Sewell–Wood, Lorch & Naville, New Albany, for appellee-plaintiffs.

---

Lynn L. **COOLEY** and Barbara
S. Cooley, Appellants–
Defendants,

v.

**KOETTER WOODWORKING, INC.**, Irvin F. Rosenberger, Andrew J. Rosenberger, Nelson B. Rosenberger, Melvin J. Rosenberger, Lenora Wright, and Maysel Wright, Appellees–Plaintiffs.

No. 10A01–9205–CV–150.

Court of Appeals of Indiana,
First District.

Jan. 28, 1993.

BAKER, Judge.

Defendant-appellants Lynn L. and Barbara S. Cooley needed a better access route to their Clark County property so in early November 1990 they hired a twenty-ton bulldozer to carve a half-mile swath directly across land owned by appellee-plaintiff Koetter Woodworking. To put it mildly, Koetter disapproved. It initiated suit against the Cooleys and eventually won a damage award totalling over $19,000.00. The Cooleys raise several issues for our consideration, the first of which is meritorious and dispenses with the need to address the others. We hold the trial court erroneously denied the Cooleys' motion for a change of venue from the county and that this error requires the judgment be vacated.

### FACTS

After Koetter discovered the havoc wreaked by the bulldozing, it immediately sought both to prevent further harm and to

recover for harm already suffered. On November 16, 1990, it filed a complaint for damages, motions for a preliminary injunction and a temporary restraining order, and gave a $1,000.00 security bond. Koetter sent a copy of these documents to the Cooleys.[1]

Later that day, the trial court imposed a ten-day temporary restraining order and scheduled a hearing on the preliminary injunction for November 21, 1990, five days later. The trial court then directed that a copy of the order be served upon the Cooleys and their usual attorney, Trent Thompson. The record, however, gives no indication notice of the November 21st hearing was sent or received before the hearing was actually held.

When the November 21st hearing was held, the Cooleys were not in attendance and were found to be "herein defaulted" by the trial court. *Record* at 19. The trial court then granted Koetter's motion for the preliminary injunction. It also allowed plaintiff-appellees Irvin F., Andrew J., Nelson B., and Melvin J. Rosenberger, and Lenora and Maysel Wright (collectively, Koetter), all individuals claiming the Cooleys had trespassed on their land as well, to intervene and, without prior notice to the Cooleys, granted their motions for a preliminary injunction and a temporary restraining order. At the conclusion of the ex parte hearing, the trial court scheduled a trial on the merits for March 7, 1991.

The record does not reflect when—if at all—the Cooleys received the documents Koetter mailed on the 16th, but it is clear Thompson was aware of Koetter's dispute with the Cooleys because Koetter's attorney called Thompson about it on November 16th, the day the suit was initiated.[2] It is also clear that at some point Thompson and the Cooley's agreed Thompson would represent the Cooleys. On December 4, 1990, thirteen days after the hearing, Thompson entered his appearance and filed motions to set the injunction and restraining order aside and to change venue from Clark County.

Koetter objected to the Cooleys' change of venue motion and amended its complaint to seek treble compensatory and exemplary damages, punitive damages, and a permanent injunction. The Cooleys responded with two counterclaims of their own, the first alleging a prescriptive easement along the carved swath and the second alleging adverse possession of a particular 8.3 acre parcel of land.

After conducting a hearing, the trial court denied the Cooleys' change of venue from county motion. About a year later it conducted a trial in which a jury considered and then returned a verdict in favor of Koetter on the damages issue and in which the trial court considered and resolved the parties' equitable claims. The trial court entered a judgment against the Cooleys in the amount of $19,255 and for the Cooleys on their adverse possession claim.

## DISCUSSION AND DECISION

■ Prior to February 1, 1992, T.R. 76 provided for an automatic change of venue from the county.[3] Former T.R. 76(1) provided that in all civil actions, change of

---

**1.** We note Koetter sent the copy of its complaint and its motion for a preliminary injunction to the Cooleys "by United States mail, postage prepaid all in accordance with the Indiana Rules of Court." *Record* at 9. The Indiana Rules of Court, however, require that service of a complaint that is mailed be made by registered or certified mail, return receipt requested. Ind.Trial Rule 4.1. Service by regular mail is appropriate for, among others, "every pleading subsequent to the original complaint" and for "every written motion except one which may be heard ex parte[.]" Ind.Trial Rule 5.

**2.** The substance of this telephone conversation is hotly disputed in the parties' appellate briefs.

Koetter's attorney contends he told Thompson the hearing was scheduled for November 21st; Thompson claims he was not told a specific date had been set and that in any event, he would first have to contact the Cooleys to see if they wanted him to represent them in the matter. In any event, it is undisputed the record contains no evidence indicating notice of the November 21st hearing was sent to the Cooleys.

**3.** Pursuant to our supreme court's order of December 6, 1991, venue in civil cases may be changed from the county only upon a showing of good cause, as defined. T.R. 76(A). The amendment became effective on February 1, 1992.

venue from both county and judge "shall be granted upon the filing of an unverified application or motion...." The mandatory nature of the rule was designed to guarantee a fair and impartial trial. *State ex rel. Prosser v. Lake Circuit Court* (1991), Ind., 565 N.E.2d 751, 753. The failure to grant a timely motion constituted reversible error, because "[i]t is the general rule that once a proper and timely motion for change of venue is filed, the trial court is divested of jurisdiction to take further action except to grant the change of venue." *City of Fort Wayne v. State ex rel. Hoagland* (1976), 168 Ind.App. 262, 268, 342 N.E.2d 865, 869.[4]

To avoid postponement, avoidance, or protraction of trial, however, the rule also imposed strict time limits within which the change of venue motion must have been filed. A request for change of venue must have been filed "within ten days after the issues in a case are first closed on the merits, which occurs when the defendant files its original answer." *Id.; State ex rel. Baber v. Circuit Court of Hamilton County* (1983), Ind., 454 N.E.2d 399, 401.

Here, after receiving a time extension, the Cooleys filed their answer and counterclaims on March 11, 1991, thus closing the issues on the merits insofar as they related to Koetter's complaint for damages and initiating the ten-day period in which the change of venue motion should have been submitted. The Cooley's motion, filed on December 4, 1990, was obviously timely.

■ There were (and continue to be) several exceptions to the rule's time constraints, however. Koetter claims one particular exception—T.R. 76(5), as it then existed—applies under the facts of this case

and justified the trial court's denial of the Cooleys' motion. T.R. 76(5) read as follows:

> Provided further that where a party has appeared at or received advance notice of a hearing prior to the expiration of the date within which a party may ask for a change of judge or county and also where at said hearing a trial date is set which setting is promptly reduced to the order book, a party shall be deemed to have waived a request for a change of judge of county unless within three days of the oral setting the party files a written objection to the trial setting and a written motion for the change of judge or county[.]

Koetter's argument that the trial court properly denied the change of venue motion because T.R. 76(5) required the Cooleys to move for a change of venue within three days of November 21st is unavailing. The record gives no support to Koetter's claim that the Cooleys received the "advance notice" required by the rule. There is simply nothing in the trial court's records submitted to us[5] indicating the Cooleys received notice of the November 21, 1990, hearing before the hearing was held. Without "advance notice," T.R. 76(5) cannot accelerate the time period within which a change of venue motion must be filed.

We hold the trial court erred when it denied the Cooleys' timely motion to change venue from the county. Under the authority expressed in *City of Fort Wayne, supra,* the trial court's error divested it of jurisdiction to conduct a trial, which, in turn, requires that we vacate the results of that trial in their entirety. There is, therefore, no need to consider other

4. Additionally, under Ind. Trial Rule 78, the trial court retains jurisdiction to hear emergency matters between the time a motion for change of venue is filed and the time it is perfected. Included in the scope of "emergency matters" is the jurisdiction to grant a preliminary injunction pending the perfection of the change of venue. *Id.,* 342 N.E.2d at 870, n. 5.

5. We observe that under Ind. Trial Rule 77(C), the clerks of all Indiana circuit courts shall maintain in the case file "the original of all documents relating to the case: including ... service of process [and] return of process...."

If an appellee feels the record on appeal is inadequate, it is, of course, incumbent on the appellee to see that the record is supplemented with the omitted material(s). In this case, all parties were aware—or should have been aware—that the lack of notice of the November 21, 1990 hearing was at issue. The Cooleys moved to dismiss for lack of service and the issue again arose when, on February 25, 1991, the trial court heard oral argument on the Cooleys' change of venue motion.

issues the Cooleys have raised in this appeal.[6] We remand this cause to the trial court with instructions to proceed in a manner not inconsistent with this opinion.

Vacated and remanded.

HOFFMAN and NAJAM, JJ., concur.

---

**6.** By no means do we wish to have our refusal to consider the remainder of the Cooleys' contentions interpreted as either a tacit approval or disapproval of them. It does seem to us, however, that the Cooleys have advanced arguments concerning jury instructions which should merit serious consideration.