JOHNSON COUNTY RURAL ELEC-
TRIC MEMBERSHIP CORPORA-
TION and American Meter Reading,
LLC., Appellants–Defendants,

v.

SOUTH CENTRAL INDIANA RURAL
ELECTRIC MEMBERSHIP COR-
PORATION, Appellee–Plaintiff.

No. 55A01–0704–CV–181.

Court of Appeals of Indiana.

March 24, 2008.

V. Samuel Laurin, III, Bryan H. Babb, Curtis T. Jones, Bose McKinney & Evans, LLP, Indianapolis, IN, Attorneys for Appellants.

Peter L. Obremskey, Michael L. Schultz, Parr Richey Obremskey & Morton, Lebanon, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Johnson County Rural Electric Membership Corporation and American Meter Reading, LLC (collectively "Johnson County REMC") appeal the trial court's denial of their motion for change of judge. We reverse and remand.

### Issue

The sole restated issue is whether the trial court properly concluded that Johnson County REMC's motion for change of judge was untimely filed.

### Facts

The relevant facts for purposes of this appeal are that on February 28, 2007, South Central Indiana Rural Electric Membership Corporation ("SCI") filed a complaint seeking a preliminary and permanent injunction against Johnson County REMC. The preliminary injunction sought to prevent Johnson County REMC from removing electric meters from the property of SCI's customers. Johnson County REMC had been leasing the meters to SCI, but the lease was coming to an end and a dispute had arisen regarding the lease's continuation.

On March 1, 2007, the trial court conducted a telephonic conference with the parties, during which it scheduled a hearing for March 8, 2007, for the express purpose of considering SCI's request for a preliminary injunction. Counsel for the parties also exchanged emails before the March 8 hearing, confirming that the hearing would address the preliminary injunction request. Again, at the beginning of the March 8 hearing, counsel for Johnson County REMC said, "we have agreed that the purposes today is to hear their request for preliminary injunction, just so that's clear for the record." Tr. p. 7. Counsel for SCI did not object to this statement.

At the conclusion of the March 8 hearing, the trial court granted the preliminary injunction. Before the parties left court, they set a pretrial conference date with the trial court for March 13, 2007. Johnson County REMC also requested that the trial court impose a bond requirement as a condition of the injunction. The trial court stated that it would consider the matter at the pretrial conference.

On March 9, 2007, Johnson County REMC moved for an automatic change of judge under Indiana Trial Rule 76(B). On March 13, 2007, the trial court denied the motion. On March 19, 2007, Johnson

County REMC moved for and was granted an extension of time to file its answer to SCI's complaint. On April 2, 2007, Johnson County REMC filed a motion to certify for interlocutory appeal the denial of its change of judge motion, which the trial court granted. On April 19, 2007, Johnson County REMC moved for and was granted a second extension of time to file its answer. On May 11, 2007, Johnson County REMC filed its answer to SCI's complaint, and also stated a counterclaim against SCI. On May 30, 2007, this court issued an order accepting interlocutory jurisdiction, and Johnson County REMC filed its notice of appeal on June 7, 2007. On September 13, 2007, Johnson County REMC sought permission from the trial court to amend its answer and counterclaim, which the trial court granted on October 12, 2007.

### Analysis

■ The parties first dispute the appropriate standard of review for the trial court's denial of the automatic change of judge motion. Johnson County REMC asserts that the motion was timely filed under Trial Rule 76 and, therefore, the trial court had no discretion to deny it. *See, e.g., City of Gary v. Enterprise Trucking & Waste Hauling,* 846 N.E.2d 234, 241 (Ind.Ct.App.2006). SCI contends that the motion was not timely filed and that we should review its denial for an abuse of discretion. *See, e.g., Mann v. Russell's Trailer Repair, Inc.,* 787 N.E.2d 922, 925 (Ind.Ct.App.2003), *trans. denied.* We conclude the crucial question here clearly is whether the motion was timely filed. We also believe that this presents a purely legal question involving construction of the Indiana Trial Rules that we review de novo. *See Higgason v. State,* 789 N.E.2d 22, 27 (Ind.Ct.App.2003).

Johnson County REMC contends its March 9, 2007 motion for automatic change of judge was timely under Trial Rule 76(C)(5), which provides:

(C) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge (or change of venue) shall be filed not later than ten [10] days after the issues are first closed on the merits. Except:

\* \* \* \* \* \*

(5) where a party has appeared at or received advance notice of a hearing prior to the expiration of the date within which a party may ask for a change of judge or county, and also where at said hearing a trial date is set which setting is promptly entered on the Chronological Case Summary, a party shall be deemed to have waived a request for change of judge or county unless within three days of the oral setting the party files a written objection to the trial setting and a written motion for change of judge or county. . . .

Trial Rule 76(C)(5) applies here because the time period for closing the issues had not expired as of March 9, 2007. SCI contends that the March 8, 2007 hearing constituted a "trial" and essentially that Johnson County REMC was precluded from moving for a change of judge after the conclusion of that "trial."

■ We agree with Johnson County REMC that this case is indistinguishable from *City of Ft. Wayne v. State ex rel. Hoagland,* 168 Ind.App. 262, 342 N.E.2d 865 (1976). There, we addressed a previous version of Trial Rule 76, which contained the following provision:

Provided further, a party shall be deemed to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a party may ask for a change, evidenced by an order book en-

try and no objection is made thereto by a party as soon as such party learns of the setting for trial. Such objection, however, must be made promptly and entered of record, accompanied with a motion for a change from the judge or county (as the case may be) and filed with the court.

*Hoagland,* 168 Ind.App. at 266, 342 N.E.2d at 868. We unequivocally held that a trial court's order setting a hearing on the plaintiff's request for a preliminary injunction did not constitute setting a trial date. *Id.* at 267, 342 N.E.2d at 869. We observed that other Indiana cases had rejected the contention that a hearing on an application for preliminary injunction is a trial. *Id.* Thus, the defendant did not waive its right to move for an automatic change of venue when it did not immediately file such a motion after the trial court set a hearing date for the preliminary injunction request. *See id.* at 267–68, 342 N.E.2d at 869.

We further noted:

> We are aware that TR. 65(A)(2) provides for a consolidation of the hearing on the preliminary injunction with the trial on the merits. If the trial court's order setting the date for hearing had contemplated a combined hearing on the application for preliminary injunction and on the merits, we would have no difficulty upholding the trial court's grant of the motion to strike the motion for change of venue.

*Id.* Based on this statement, SCI contends that the March 8, 2007 preliminary injunction hearing actually was a combined full trial on the merits. Thus, it seems to

argue, Trial Rule 76(C)(5) required Johnson County REMC to have moved for a change of judge no later than three days after March 1, 2007, which was the date on which the March 8 hearing was set.

Such an argument, however, discounts what we went on to say in *Hoagland,* namely, "the trial court's notice to the [defendant] was clearly limited to a hearing on the application for preliminary injunction. We conclude that the setting of a hearing on an application for preliminary injunction is not a trial within the meaning of TR. 76(7)." *Id.* Here, the order setting the hearing for March 8, 2007, clearly indicated that it was to address SCI's preliminary injunction request. This was confirmed by emails exchanged by the parties before the hearing, as well as counsel for Johnson County REMC's unobjected-to statement at the beginning of the hearing. Because the March 1 order setting the March 8 hearing did not set a "trial" date, Johnson County REMC was not required to move for a change of judge at that time.

■ Still, SCI contends that regardless of what the March 1 order said, the March 8 hearing turned into a "trial" pursuant to Trial Rule 65(A)(2), which states in part, "Before *or after* the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application." (Emphasis added). However, the trial court never ordered consolidation of the preliminary injunction hearing with a trial on the merits.[1] At the conclusion of the March 8 hearing, it only granted SCI's preliminary injunction, and then

---

1. SCI contends that through some of its questioning of witnesses and by referring to presenting a "case-in-chief" at one point during the March 8 hearing, it was Johnson County REMC who transformed that hearing into a trial on the merits. We find that argument unavailing. At no time did Johnson County REMC state or indicate that it was treating the hearing as a trial on the merits, rather than an opportunity to challenge SCI's request for a preliminary injunction.

proceeded to schedule a pre-trial conference with the parties. **It is clear the trial court did not meld the preliminary injunction hearing into a permanent injunction hearing as it could have done pursuant to Trial Rule 65(A)(2).**

Because of the posture of this case we leave for another day the need to reconcile the ability of a party to seek a change of judge under Trial Rule 76(C)(5) with Trial Rule 65(A)(2), which arguably could allow a trial court to short circuit that right by sua sponte transforming a preliminary injunction hearing into a trial on the merits. In this case it is clear that the initial hearing on a request for a preliminary injunction was not a trial on the merits. Johnson County REMC's motion for change of judge was timely under Trial Rule 76(C)(5) and should have been granted. *See Enterprise Trucking,* 846 N.E.2d at 241.

■ SCI also argues that even if Johnson County REMC's motion was timely, it later waived its right to challenge the denial of its motion for automatic change of judge when, after the motion was denied, it sought two extensions of time to file an answer, filed an answer and counterclaim, and later filed an amended answer and counterclaim. Johnson County REMC contends that its motion for an automatic change of judge raises a subject matter jurisdiction issue that cannot be waived. We disagree with Johnson County REMC on this point. Our supreme court has clarified that there are only two types of jurisdiction: subject matter jurisdiction and personal jurisdiction. *K.S. v. State,* 849 N.E.2d 538, 540 (Ind.2006). "Subject matter jurisdiction is the power to hear and determine cases of the general

class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties." *Id.* We believe there is no question here that the Morgan Superior Court possessed jurisdiction over the subject matter of this case and over the parties, regardless of whether Johnson County REMC objected to the particular trial judge conducting the proceedings.

■ Thus, Johnson County REMC's claim of error in the denial of its change of judge motion is one of ordinary legal error, not lack of jurisdiction.[2] *See id.* Alleged non-jurisdictional procedural errors are waived if not raised at an appropriate time. *Packard v. Shoopman,* 852 N.E.2d 927, 930 (Ind.2006). It is difficult to perceive how Johnson County REMC could have waived its claim of error. As we have already held, it timely filed its change of judge motion. After the denial of that motion, Johnson County REMC then timely sought certification of the denial for interlocutory appeal and, after certification, timely appealed. Such an appeal, we hasten to add, was completely discretionary. If Johnson County REMC had chosen not to seek an interlocutory appeal, or if either the trial court or this court did not allow such an appeal to proceed, it still could have raised the issue of the denial of the change of judge motion after final judgment was entered. *See Osmulski v. Becze,* 638 N.E.2d 828, 831 n. 3 (Ind.Ct. App.1994) (addressing change of venue under Trial Rule 76).

■ We acknowledge cases holding that where a defendant has unsuccessfully moved for a change of judge or venue under Trial Rule 76, it still may waive any

---

**2.** SCI is technically incorrect to refer to Johnson County REMC's claim as one of lack of "jurisdiction over the particular case." Our supreme court has held that that term is misleading and should no longer be used to characterize what is ordinary legal error. *K.S.,* 849 N.E.2d at 540.

challenge to the denial of that motion " 'if subsequent actions by the [party] go beyond matters of defense and seek affirmative relief from the court.' " *Allen v. Proksch,* 832 N.E.2d 1080, 1097 (Ind.Ct. App.2005) (quoting *Hotmix & Bituminous Equip. Inc. v. Hardrock Equip. Corp.,* 719 N.E.2d 824, 830 (Ind.Ct.App.1999)).[3] The seeking of extensions of time to file an answer to a complaint, as well as the filing of an answer and compulsory counterclaim, have been held not to be actions seeking affirmative relief. *See Hotmix,* 719 N.E.2d at 830–31 (holding filing of compulsory counterclaim did not cause waiver of timely claim of lack of personal jurisdiction); *State v. Omega Painting, Inc.,* 463 N.E.2d 287, 291 (Ind.Ct.App.1984) (holding that requesting an extension of time to file answer did not constitute seeking affirmative relief).

We do not believe Johnson County REMC was required to sit idly by while awaiting and hoping for a favorable ruling in this interlocutory appeal. Instead, it was appropriate for it to take steps to file an answer, or even an amended answer, and any compulsory counterclaims against SCI while awaiting the result of this appeal. As for whether Johnson County REMC's counterclaim against SCI is compulsory, it is clear that it is. "A compulsory counterclaim is a claim that arises out of the same 'transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.' " *Hotmix,* 719 N.E.2d at 830 (quoting Ind. Trial Rule 13(A)).

SCI's complaint against Johnson County REMC was based on the parties' 2002 lease for electric meters, as well as a contract to read those meters. SCI contended that the lease, which was set to expire on February 28, 2007, actually turned into a year-to-year lease as of that date based on certain language in the lease and the conduct of the parties. Johnson County REMC's two-part counterclaim against SCI alleged that SCI had failed to pay all that was due under the 2002 lease, and that it had committed conversion by failing to return the meters after the expiration of the lease. Clearly, both SCI's claims and Johnson County REMC's counterclaim arise out of the same transaction or occurrence—the 2002 lease and subsequent related conduct—and involved identical parties. Johnson County REMC's filing of such a compulsory counterclaim did not constitute the seeking of affirmative relief and did not cause it to waive its claim that the trial court improperly denied its motion for automatic change of judge.

### Conclusion

Johnson County REMC timely filed its motion for automatic change of judge and the trial court was required to grant it; Johnson County REMC did not waive its right to challenge the denial of that motion. We reverse and remand for further proceedings consistent with this opinion, including selection of a special judge in accordance with Indiana Trial Rule 79.

Reversed and remanded.

SHARPNACK, J., and VAIDIK, J., concur.

---

**3.** *Allen* analyzed a motion for change of venue under Trial Rule 76 as an issue of "jurisdiction over the particular case." *Allen,* 832 N.E.2d at 1095. As noted, *K.S.* has abrogated continued use of that phrase. *See K.S.,* 849 N.E.2d at 540. Nevertheless, we will assume that *Allen's* analysis regarding waiver remains valid.