Rowe v. Bateman.

ROWE ET AL. *v.* BATEMAN ET AL.

[No. 18,340.   Filed Oct. 24, 1899.   Mandate modified Dec. 20, 1899.]

APPEAL AND ERROR.—*Dismissal.*—Where the sole object of a proceeding was to remove defendants from office as county commissioners, and pending an appeal from a judgment for defendants their terms of office expired, the appeal will be dismissed.   *pp. 633-636.*

COSTS.—*Impeachment Proceedings.*—*Act of 1897.*—*Action Instituted in Names of Grand Jurors Instead of State.*—Where an impeachment proceeding was instituted under the impeachment act of 1897 (Acts 1897, p. 278) in the names of the individual members of the grand jury, the prosecuting attorney and his deputy, instead of in the name of the State, and the prosecution resulted in favor of the accused, the plaintiffs should not be held liable for costs. *pp. 636-641.*

From the DeKalb Circuit Court.   *Appeal dismissed.*

*A. E. Davis, F. S. Roby, D. M. Linke, W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,* for appellants.

*A. Zollars, C. H. Worden, C. A. O. McClellan, D. A. Garwood, J. E. Rose* and *J. H. Rose,* for appellees.

JORDAN, C. J.—On April 6, 1897, appellants instituted this proceeding in the lower court against the appellees, John W. Bateman, and Isaac Hague, then county commissioners of DeKalb county, for the purpose of impeaching them for official misconduct, and thereby removing them from office, under §35 of an act of the legislature approved March 8, 1897, entitled "An act for the impeachment and removal from office of public officers." (Acts 1897, p. 278.)

The complaint disclosed that appellees were elected commissioners of said county in 1894, and that the official term of Hague expired on the 3rd day of December, 1897, and that of Bateman on the 2nd day of December, 1898.   All of the alleged acts of omission and commission, upon which this proceeding is based, are expressly charged in the complaint or accusation filed by appellants to have occurred prior

Rowe v. Bateman.

to the enactment of the above mentioned statute. Appellees filed written objections to the sufficiency of each specification or grounds of impeachment; and these objections were by the court sustained to each and all of said specifications; to which ruling of the court appellants excepted, and, refusing further to plead, judgment was rendered that they take nothing by their action. From this judgment they have appealed, and assign error on the court's ruling in sustaining the objections of appellees to their complaint.

The only question discussed by the learned counsel representing the respective parties is the right, under the act in question, to remove the appellees from the office in controversy, for the alleged misconduct in office occurring prior to the passage of said act. It is contended, upon the part of counsel for appellees, that to give section thirty-five of this statute a retroactive effect, so as to subject appellees as public officials to the penalty therein provided, for acts done before the statute was passed, would make the law *ex post facto* in its operation, and thereby render it antagonistic to both the State and federal Constitutions.

The sole object of this proceeding, as we have seen, was to secure the removal of the appellees from the office of county commissioners, which each held at the time the action was instituted. The record fully reveals the fact that the respective terms of the appellees have expired pending this appeal, that of Hague having terminated December 3, 1897, and that of Bateman on December 2, 1898; and we may assume, therefore, that these appellees as former officials, at the close of their respective terms, surrendered their offices to duly chosen and qualified successors and from said time ceased to be incumbents thereof; hence, if we were to decide adversely to appellees, upon the questions discussed, and reverse the judgment of the lower court and remand the cause for further proceedings, there could be nothing of a practical result thereby gained, as appellees are no longer incumbents of the office from which it was originally sought

to remove them, and a judgment of removal, under the circumstances, would be useless and inoperative.

The only real question, therefore, as originally involved in this case, has been by lapse of time eliminated and nothing now remains for our decision but an abstract proposition in regard to the retroactive operation of the statute of 1897. We can not even assume that this question will arise in the future, and, if we could so presume, it would not be proper for us to decide it in advance.

In the case of *People* v. *Troy*, 82 N. Y. 575, there was an appeal from a judgment denying the relator's petition for a mandamus to compel the common council of the city of Troy to appoint certain police commissioners. It appearing that the official term, over which the controversy arose, had already expired, it was held in that case that the appeal ought to be dismissed. The court said: "The official term, therefore, over which the controversy arose has already ended. Nobody can be appointed for the disputed period since it has already gone. The new election has presumably occurred, and nothing remains but the abstract question who was right? We do not decide mere abstract questions from the determination of which no practical results can follow. In such cases we have heretofore dismissed the appeal and see no reason for changing the rule now."

*Gordon* v. *State*, 47 Texas, 208, was a proceeding to remove Gordon from the office of sheriff for official misconduct. The court adjudged him unfit to hold the office and declared it vacant. From this judgment he appealed. His appeal was dismissed for want of jurisdiction, the court giving, however, as an additional reason for its action, that the term of office of the sheriff had long since expired, and that therefore a decision on the question of his removal would be useless and inoperative.

In the case of *Gamewell, etc., Co.* v. *Municipal Signal Co.*, 61 Fed. 208, the appellee in the lower court obtained an injunction restraining the appellant from infringing cer-

tain letters patent. Pending that appeal, the patent involved expired. The court in that case, for the reason that the letters patent had expired, declined to consider whether the injunction was or was not properly granted by the lower court, and dismissed the appeal on its own motion.

The ruling which we here assert and enforce is fully sustained by the decisions of this court in *Wallace* v. *City of Indianapolis*, 40 Ind. 287; *Stauffer* v. *Salimonie, etc., Co.*, 147 Ind. 71; *Manlove* v. *State, ante*, 80; *State, ex rel.* v. *Board, etc., ante*, 303, and authorities there cited.

It follows, for the reasons stated, that the appeal herein ought to be dismissed. It is therefore dismissed on the court's motion.

### ON PETITION TO MODIFY MANDATE.

JORDAN, J.—The lower court in this action adjudged that the defendants recover costs from the plaintiffs, appellants herein. The latter, by the Attorney-General, have petitioned this court to modify its judgment in this appeal so as to adjudge that no cost be recovered or taxed against them, and further to order the trial court to modify its judgment to the extent that no costs thereunder be adjudged against appellants in that court.

The proceeding, as stated in the original opinion, is based on section thirty-five of the impeachment act of 1897 (Acts 1897, p. 278), and the accusation filed in the case, it appears, was verified by the oaths of the individual members of the grand jury of the DeKalb Circuit Court, and also by the oaths of the prosecuting attorney and his deputy; and these persons appear to have been made the plaintiffs in the action below, and are appellants in this appeal.

Section twenty-one of this statute provides that "An accusation in writing against any district, county, township, or municipal officer or justice of the peace or prosecuting attorney may be presented by the grand jury of the county for or in which the officer accused is elected or appointed." Sec-

tion twenty-two provides that the accusation must state the offense charged in ordinary and concise language without repetition.    The next section requires that the written accusation be delivered by the foreman of the grand jury to the prosecuting attorney of the county, except when the latter is the accused officer, and that this official must cause a copy thereof to be served upon the defendant, and that the latter be given a notice in writing of not less than ten days to appear in the circuit court of the county, or in the criminal court, in case the latter court has been established in such county, at the time mentioned in the notice, and answer the accusation.    The accusation is required to be filed with the clerk of the court, except when such clerk is the accused person.    Section twenty-four provides that the defendant must appear and answer at the time fixed by the notice, unless the court assigns another day for that purpose; and in case of the failure of the defendant to appear, the accusation may be heard and determined in his absence. Sections twenty-five, twenty-six, twenty-seven, twenty-eight and twenty-nine relate to the procedure in court after the defendant has appeared.    Section thirty provides that the trial must be by a jury, and conducted in all respects in the same manner as a trial upon an indictment for a misdemeanor.    Section thirty-one provides that the prosecuting attorney and the defendant are each entitled to such process and to enforce the attendance of witnesses as upon the trial of an indictment. Section thirty-two provides that the court, upon conviction, must adjudge that the defendant be removed from office. Section thirty-five is as follows:    "When an accusation in writing, verified by the oath of any person, is presented to a circuit court, alleging that any officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered, or to be rendered, in his office, or has refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at any time not more

than ten or less than five days from the time the accusation was presented; and on that day, or some other subsequent day not more than twenty days from the time the accusation was presented, must proceed to hear, in a summary manner, the accusation, and evidence offered in support of the same, and the answer and evidence offered by the party accused; and if, on such hearing, it appears that the charge is sustained, the court must enter a decree that the party accused be deprived of his office, and must enter a judgment for five hundred ($500) dollars in favor of the prosecuting officer, and such costs as are allowed in civil cases."

It will be noted that this latter section designates the grounds upon which the accusation against the officer may be based: (1) where he has been guilty of charging and collecting illegal fees for services rendered or to be rendered in his office; (2) or has refused or neglected to perform the official duties pertaining to his office. The learned Attorney-General insists that the mere fact that the accusation, provided for under section thirty-five, is required to be verified by the oath of some person in his or her individual capacity, instead of being presented under the oath of the grand jurors, as contemplated by section twenty-one of the act, in no sense makes the verifier a party plaintiff in the action, or in any manner a litigant therein, so as to render him liable for the payment of costs.

It is further contended that a proceeding under section thirty-five is intended to be prosecuted in the name of the State, as is contemplated by the method designated by this statute for instituting a prosecution under section twenty-one; and, hence, in the absence of an express provision awarding costs against the State or the accuser, neither can, under the law, be held liable for costs, if, for any reason, the prosecution in the lower court, or on appeal to this court, results in favor of the accused party.

Assuming that the act in question in all of its provisions is a valid exercise of legislative power, we are of the opinion

that a fair and reasonable interpretation thereof will support the contention of the Attorney-General. Sections twenty-one and thirty-five are each silent in respect to whose name, as plaintiff, the proceedings shall be instituted and prosecuted; and the two sections, so far as they are not incompatible, may, in regard to the point involved, be construed together.

It can not be successfully controverted, we think, but what the legislature intended that, when the grand jury, under section twenty-one, presented an accusation against any of the public officials therein mentioned, the proceedings thereon throughout should be in the name of the State of Indiana, and that it should be the real and proper plaintiff in the action. When we consider section twenty-three, our opinion upon this view of the question is confirmed, for that section, as we have seen, requires the foreman of the grand jury to deliver the accusation to the prosecuting attorney of the county, and he, under the provisions of that section, when read in connection with others of the same act, is clearly authorized and required to conduct the prosecution against the accused party, who is denominated by the law as "the defendant."

Under the laws of this State, the prosecuting attorney, within his powers and jurisdiction, is made the representative of the State. It certainly can not in reason be asserted that the legislature intended that the grand jury should be in any manner a party plaintiff in the action from the mere fact that the right to present the charges against the accused, under a written accusation or complaint, was, by section twenty-one, lodged in that body.

The design of impeachment proceedings, as a general proposition, is the removal from a public office of an incumbent thereof who has been guilty of malfeasance or maladministration in the discharge of his official duties. A public office, its creation, and the manner in which it is conducted is a matter in which the State or the public in general is con-

cerned. Public offices are created by the State in order that it may carry on the various departments of its government; and it is certainly eminently proper that the State, under the circumstances, being interested in having unfaithful officials removed from the offices which they hold, should have cast upon it by the legislature the burden of prosecuting in court, in its own name, impeachment proceedings, designed for the protection of the public, by evicting from office all unfaithful officers.

It is true that a proceeding, under this impeachment act, can not be considered of a criminal nature, and the conviction and removal of the accused party from office, upon the charge alleged and sustained, will not prevent his punishment, under the criminal laws, in the event the charge for which he was impeached constitutes also a criminal offense. The hearing of the charge or charges, as alleged in the written accusation, under section thirty-five, is to be in a summary manner, as therein declared; or, in other words, the court is to proceed, without the intervention of a jury, to hear the evidence offered in support of and against the charge alleged in the accusation, within the time therein fixed; and if, upon such evidence, the court finds that the charge against the accused is sustained, it must render a judgment that he be deprived of his office, and must also include therein a recovery against him for $500 in favor of the prosecuting officer, together with such costs as are allowed in civil cases. It can not, under a fair interpretation of section thirty-five, be asserted that, under its provisions, the person, who by his oath verifies the accusation therein provided, was by the legislature intended to be the plaintiff in the action, with any more reason than it can be said that the grand jury, by reason of the method prescribed by section twenty-one, was intended to occupy the position of plaintiff in the proceeding.

By the words "prosecuting officer" in the section in question was certainly meant the proper prosecuting attorney,

unless he was the accused party, and the recovery, as therein allowed, in his favor, was intended to reward him for his successful prosecution of the action. The section, when read in the light of the other provisions of the act, clearly intended that there should be some party adverse to the accused in whose name, as complainant or accuser, the action should be instituted and prosecuted. It is the evident intent of the law, we think, that such party shall be the State, represented by its prosecuting attorney, and, as the law contains no provisions for subjecting the State, upon an unsuccessful prosecution, to the payment of cost, it therefore must be held exempt from being in any manner liable for any cost accruing in such action.

Appellants, it seems, through mistake or inadvertence in respect to a proper interpretation of the law, were permitted by the lower court to prosecute this action in their own names. They were allowed to take upon themselves in their own names the prosecution of the accused, and thereby endeavored to discharge a duty, which, under a fair implication of the statute in question, was incumbent upon the State; and, hence, they ought to be considered as standing, to all intents and purposes, for the State; and ought to be exempted from the payment of any cost.

The judgment below was neither affirmed nor reversed in whole or in part; the appeal was dismissed, hence, under the circumstances, the judgment below remains the same as if there had been no appeal, and we are not authorized to order the trial court to correct its judgment in regard to the question of costs, but can simply expose what the law intended, and leave appellants to apply to the lower court for the relief desired. The mandate in this appeal is hereby modified so as to order that the appeal be dismissed without cost to either party.