## PUGH *v.* MILLER.

[No. 4,164.   Filed October 31, 1901.]

OFFICERS.—*Impeachment on Petition of Private Citizen.—Judgment.*
—Section 35 of the impeachment act of 1897 (Acts 1897, p. 278), which provides that the "prosecuting officer" shall have judgment for $500 for his services, does not authorize the trial court to render judgment for such sum in favor of the petitioner who is a private citizen, since the words "prosecuting officer" within the meaning of the statute means the prosecuting attorney.

From Monroe Circuit Court; *W. H. Martin,* Judge.

Petition by Andrew J. Pugh against Peter E. Miller, township trustee, for impeachment. Motion by petitioner for modification of judgment denied. Petitioner appeals. *Appeal dismissed.*

*H. C. Duncan* and *I. A. Batman,* for appellant.
*J. E. Henley* and *J. B. Wilson,* for appellee.

COMSTOCK, J.—This case was transferred from the Supreme Court. Miller was trustee of a township in Monroe county, Indiana. Andrew J. Pugh, a private citizen of the township, presented to the Monroe Circuit Court under §35 of an act providing for the impeachment and removal from office of public officers (Acts 1897, p. 278) his verified petition alleging the neglect and refusal of Miller to perform the duties pertaining to his office. Issues were joined, a trial had resulting in the impeachment and removal from office of the trustee. The court refused to enter a judgment in Pugh's favor for $500. Pugh moved the court to modify the judgment by rendering judgment in his favor for said

amount. The motion was overruled. This action of the court is assigned as error.

Section 21 of the act referred to provides that "An accusation in writing against any district, county, township or municipal officer, or any justice of the peace, or prosecuting attorney may be presented by the grand jury of the county for or in which the officer accused is elected or appointed." Section 22 provides that "The accusation must state the offense charged in ordinary and concise language, and without repetition." Section 23 is as follows: "The accusation must be delivered by the foreman of the grand jury to the prosecuting attorney of the county, except when he is the officer accused, who must cause a copy thereof to be served upon the defendant, and require, by notice in writing of not less than ten days, that he appear before the circuit court of the county, or criminal court, if such court be established in the county, at the time mentioned in the notice, and answer the accusation. The original accusation must then be filed with the clerk of the court, or if he be the party accused, with the judge of the court." Sections 24, 25, 26, 27, 28, 29, 30, 31, 32, and 33 provide the methods of procedure and practice. Section 34 provides that the same proceedings may be had on like grounds for the removal of a prosecuting attorney, "except that the accusation must be delivered by the foreman of the grand jury to the clerk, and by him to the judge of the circuit court of the county, or criminal court, if such court exists in the county, who must thereupon notify the Attorney-General to act as prosecuting officer in the matter, and shall designate some resident attorney to act as assistant to the Attorney-General in such prosecution, whose compensation shall be fixed by the court and paid out of the county treasury." Section 35 is as follows: "When an accusation in writing, verified by the oath of any person, is presented to a circuit court, alleging that any officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered, or to be rendered,

in his office,. or has refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at any time not more than ten nor less than five days from the time the accusation was presented; and on that day, or some other subsequent day not more than twenty days from the time the accusation was presented, must proceed to hear, in a summary manner, the accusation, and evidence offered in support of the same, and the answer. and evidence offered by the party accused; and if, on such hearing, it appears that the charge is sustained, the court must enter a decree that the party accused be deprived of his office, and must enter a judgment for $500 in favor of the prosecuting officer, and such costs as are allowed in civil cases."

*Rowe* v. *Bateman,* 153 Ind. 633, was a proceeding under this act. The accusation was verified by the oaths of the individual members of the grand jury of De Kalb county, and by the oaths of the prosecuting attorney and his deputy. These persons were made plaintiffs in the action below. The Supreme Court held (p. 639) that it was the intention of the legislature that the accusing party should be the State represented by the prosecuting attorney, and that it should be the real and proper party plaintiff in the action. The question involved in the foregoing appeal was the liability for costs of the plaintiffs below. The court said, on p. 640: "By the words 'prosecuting officer' in the section in question was certainly meant the proper prosecuting attorney, unless he was the accused party, and the recovery, as therein allowed, in his favor, was intended to reward him for his successful prosecution of the action. The section, when read in the light of the other provisions of the act, clearly intended that there should be some party adverse to the accused in whose name, as complainant or accuser, the action should be instituted and prosecuted. It is the evident intent of the law, we think, that such party shall be the State, represented by its prosecuting attorney, and, as the law contains no pro-

visions for subjecting the State, upon an unsuccessful prosecution, to the payment of costs, it therefore must be held exempt from being in any manner liable for any cost accruing in such action. Appellants, it seems, through mistake or inadvertence in respect to a proper interpretation of the law, were permitted by the lower court to prosecute this action in their own names." The judgment below was neither affirmed nor reversed, but the appeal dismissed.

A fair application of the reasoning in the above opinion leads to the conclusion that this court is not authorized to direct the modification of the judgment, and that the appeal should be dismissed.

Appeal dismissed.