BARTON ET AL. *v.* FULLER ET AL.

[No. 30,902. Filed November 14, 1967.]

*John J. Dillon,* Attorney General, *Charles S. White,* Chief Counsel, *John T. Carmody,* Deputy Attorney General, and *James W. Beatty,* of Indianapolis, for appellants.

*Leslie Duvall,* of Indianapolis, for appellees.

PER CURIAM.—This is an appeal from the granting of a temporary injunction in a suit involving a declaratory judgment. This interlocutory order was granted December 8, 1965, and it prohibited Mayor Barton of Indianapolis from appointing three (3) County Welfare board members pursuant to Burns' Indiana Statutes, Anno., § 52-1118, (1964 Repl.), [1967 Cum. Pocket Suppl.]

On March 3, 1967, the Superior Court of Marion County entered a final judgment in this case by issuing a permanent injunction against the appellants and by operation of law terminating the temporary injunction upon which this appeal is based.

> "Pursuant to the general rule that review proceedings will not be allowed for the purpose of settling merely abstract questions, when a reviewing court has notice of facts showing that only moot or abstract propositions are involved or where the substantial questions presented in the trial court no longer exist, it will dismiss the appeal or writ of error. The proceeding will ordinarily be dismissed if . . . an event has occurred which makes a determination of it unnecessary. . . ." 5 Am. Jur. 2d, Appeal and Error, § 913, p. 345.

The temporary order appealed from has been dissolved with the issuance of the permanent writ. Therefore, this appeal only concerns the issuance of a temporary writ which is

already dissolved. Our opinion in this appeal will have no effect.

> "When moot questions only are presented on appeal, and the decision of the case can have no practical effect, the appeal will be dismissed. *Brown et al.* v. *Dicus* (1909), 172 Ind. 51, 87 N. E. 716." *State ex rel. Sims* v. *Watson et al.* (1933), 205 Ind. 97, 185 N. E. 903.

Appeal dismissed.

NOTE.—Reported in 231 N. E. 2d 35.