**STATE of Iowa ex rel. Richard C. TURNER, Attorney General, Appellee,**

v.

**MIDWEST DEVELOPMENT CORPORATION et al., Defendants-Appellees, Except Defendants-Appellants Herbert Oliver Johnson and Ray E. Limbrecht.**

No. 55130.

Supreme Court of Iowa.

Sept. 19, 1973.

Shuttleworth & Ingersoll by James Carter, Cedar Rapids, for appellant Herbert Oliver Johnson.

Upton B. Kepford, Waterloo, for appellant Ray E. Limbrecht.

Johnson, Burnquist & Erb, Fort Dodge, for defendants Rex Horney, Mrs. Winifred T. Horney, and Albert M. Tappe.

Ralph D. Beal, Davenport, for defendants Memorial Securities Co., Eugene Hollen, W. H. Wallace, Ralph Beal, Travis Leonard, Harold R. Andrews, and Ed Edwards.

Julian B. Garrett and Douglas R. Carlson, Asst. Attys. Gen., Des Moines, for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REES and UHLENHOPP, JJ.

PER CURIAM:

Permissive appeal by two of several defendants from trial court's holding adverse to them on plaintiff's application for adjudication of law points. Appeal dismissed.

By action against Herbert Oliver Johnson, Ray E. Limbrecht and others, plaintiff attorney general sought redress pursuant to Code § 713.24 for consumer frauds allegedly perpetrated upon multiple individuals.

Subsequent to perfection of the instant appeal by Johnson and Limbrecht the attorney general voluntarily dismissed, without prejudice, the foundational district court action. Thereafter the parties hereto appeared by counsel before this court and presented oral arguments.

Our holding *infra* makes errors assigned inconsequential.

I. In Cooley v. Ensign-Bickford Company, 209 N.W.2d 100 (Iowa 1973), this court aptly stated: "An action is moot if it no longer presents a justiciable controversy because the issues involved have become academic or nonexistent."

■ By the same token issues presented in a case on appeal become moot if an opinion thereon would be of no force or effect as to the underlying controversy. See Nitta v. Kuda, 249 Iowa 853, 857–858, 89 N.W.2d 149 (1958); 5 Am.Jur.2d, Appeal and Error, §§ 760–763, 913; 5 C.J.S. Appeal & Error §§ 1354(1), 1362.

II. This court has also repeatedly held it is neither our duty nor do we have authority to issue advisory opinions. See e. g., Morris v. Morris, 197 N.W.2d 357, 360 (Iowa 1972); Farmers Butter & Dairy Coop. v. Farm Bur. Mut. Ins. Co., 196 N.W.2d 533, 539 (Iowa 1972).

■ III. Since the case from which this appeal stems is now nonexistent there is no alternative but to order the dismissal hereof. See generally Helland v. Yellow Freight System, Inc., 204 N.W.2d 601, 605 (Iowa 1973); Barton v. Fuller, 249 Ind. 100, 231 N.E.2d 35, 36 (1967); 5 Am.Jur. 2d, Appeal and Error, § 918; 5 C.J.S. Appeal & Error § 1368.

Costs hereof taxed to plaintiff.

Appeal dismissed.