CITY OF GARY, et. al., Appellants,

v.

**ENTERPRISE TRUCKING & WASTE HAULING, Appellee.**

No. 45A03–0506–CV–251.

Court of Appeals of Indiana.

Feb. 17, 2006.

Publication Ordered April 12, 2006.

All panel members concur.

## OPINION

SHARPNACK, Judge.

■ The City of Gary ("City") appeals the trial court's grant of a motion by Enterprise Trucking & Waste Hauling, Inc. ("Enterprise") for a preliminary injunction and a permanent injunction against the City. The City raises four issues, which we consolidate and restate as:

I. Whether the trial court had jurisdiction to issue a permanent injunction after it granted the City's motion for change of venue from the judge; and

II. Whether the trial court's grant of a preliminary injunction was clearly erroneous.[1]

Gilbert King, Jr., Rebecca L. Wyatt, Meyer & Wyatt, Gary, for Appellant.

1. Because we hold that the permanent injunction is void for lack of jurisdiction, we will not address the City's argument that the trial court erred by proceeding to trial without affording the City a full opportunity to prepare for a trial on the merits. *See, e.g., City of*

*Ft. Wayne v. State ex rel. Hoagland,* 168 Ind. App. 262, 268–269, 342 N.E.2d 865, 870 (1976) (holding that because "we have determined that the City was entitled to a change of venue and that the trial court lacked jurisdiction to enter default judgment against the

We reverse and remand.[2]

In November 2004, the City invited bids for "hauling and disposal of demolition debris (not to include garbage or other solid waste), commonly known as C & D (wood, glass, metals, concrete, bricks, dirt, etc.), resulting from the building demolition activity of the City's demolition crew." Exhibit 1 at 1. Enterprise placed a bid with the City, and in January 2005, the City and Enterprise entered into a contract, which states:

> This AGREEMENT is effective as of January 26, 2005, by and between the CITY OF GARY, INDIANA, a Municipal Corporation (the "City"), and Enterprise Trucking and Waste Hauling, Inc., 15 West 6th Avenue, Gary, Indiana 46402 (the "CONTRACTOR").
>
> \*   \*   \*   \*   \*   \*
>
> **NOW, THEREFORE**, for and in the consideration of the mutual promises, covenants and benefits set forth in this AGREEMENT, and other good and valuable consideration, the receipt of which are hereby acknowledged by the parties, CITY and CONTRACTOR agree as follows:
>
> **1. SCOPE OF SERVICES**
>
> The services to be performed by the contractor on behalf of the CITY are as follows:
>
> 1.1 (a) Demolition Debris Disposal Services, commonly known as C & D; and

> (b) Demolition Debris Hauling and Disposal Services ("C & D")
>
> as provided for in City's Invitation to Bid and Project Specifications, which are incorporated herein by reference.

Exhibit A at 1–2.

The City assisted the Hope VI housing development with site preparation at Seventh Avenue and Washington Street (the "site"). At some point, the City entered into a contract with Bucko Construction Company, Inc., ("Bucko"), in which Bucko would "[h]andle the concrete, or the foundational material around any structure or construction site."[3] Transcript at 102. At the site, Bucko began hauling away or disposing of concrete, asphalt, sand, and dirt. The City authorized Bucko to perform these services "based on the work that was being done at the site" and because "asphalt would be more closely related to concrete." *Id.* at 79. The City discovered a buried structure at the site and called Enterprise to remove "house brick that was discovered below grade where a structure was obviously demolished and buried." *Id.* at 92.

On March 28, 2005, an attorney for Enterprise sent a letter to an attorney for the City, which stated:

> \*   \*   \*   \*   \*   \*
>
> Recently, there has been some activity at, or near, the 7th Avenue and Washington Street site where the City is preparing the grounds for a residential development. In its preparation of the

---

City, we need not reach the other contentions of error raised on appeal concerning the entry of default judgment").

**2.** We note that Enterprise has not filed an appellee's brief. Accordingly, we do not undertake the burden of developing arguments for the appellee because that is appellee's duty. *Parkhurst v. Van Winkle,* 786 N.E.2d 1159, 1160 (Ind.Ct.App.2003). Normally, when the appellee does not file a brief, we

apply a less stringent standard of review and may reverse the trial court when the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.* (citations omitted).

**3.** A copy of the contract between the City and Bucko is not provided in Appellant's Appendix.

site, the City is excavating C & D material, including asphalt from the parking lots. On or about March 24, 2005, my client took photographs of this material being excavated from the site and transported to the business location of Bucko Construction. The disposal of this material at Bucko Construction, which continues even today, raises several concerns that the City is in breach of its contract with Enterprise.

The City's contract with Enterprise for C & D hauling and disposal services only excludes concrete. Enterprise does not dispute the disposal of concrete with Bucko. Enterprise does, and will continue to, vigorously challenge the City's failure to strictly adhere to the contract at issue. The improper disposal of the asphalt, which includes dirt, sand and other miscellaneous C & D material, results in a financial loss to my client. These losses will not be absorbed by my client and therefore, we request that you advise the City, and its Redevelopment Department, to immediately comply with the terms of the contract. If the City does not immediately comply with the contract, we will be forced to seek injunctive relief.

\* \* \* \* \* \*

Exhibit B.

On March 30, 2005, Enterprise filed a complaint, which stated:

\* \* \* \* \* \*

## II. Factual Allegations

7. The plaintiff is the only company that has been awarded a publicly bid contract to perform C & D hauling and disposal services to the City of Gary, excluding concrete; this contract is dated January 26, 2005. *See Exhibit A.*

8. Plaintiff's contract to perform C & D hauling and disposal services was the result of a public bid process which invited other qualified companies to bid on the C & D work, as well as, the hauling and disposal of concrete.

9. Bucko Construction Company, Inc. ("Bucko") was awarded the contract to haul and dispose of concrete.

10. By virtue of the fact that the plaintiff is the only company which was awarded the C & D work and that Bucko was the only company awarded the concrete work, no other company is authorized to perform these services as no other company has a valid contract to perform these respective services for the City of Gary or any of its subsidiaries, subdivisions or departments.

11. By virtue of the specific nature in which the bid specifications were drafted, the City of Gary intended to have the successful bidders to specifically perform the services related to C & D and concrete as two distinctly different products. *See Exhibit A (Addendum # 3).*

12. Beginning on, or about, March 24, 2005, the City of Gary began using the services of Bucko to remove C & D from a construction site located at approximately 7th Avenue and Washington Street in Gary, Indiana.

13. On, or about, March 24, 2005, the plaintiff contacted Vanesse Dabney to complain of the City's failure to adhere to the terms and conditions of the plaintiff's contract with the City; no corrective action was taken and the project continued.

14. On, or about, March 25, 2005, the plaintiff, by counsel, contacted James Meyer, counsel for the City

of Gary, regarding the City's breach of contract with the Plaintiff; no corrective action was taken and the project continued.

15. On March 28, 2005, the plaintiff, by counsel, issued a letter to the City of Gary's corporation counsel, Hamilton Carmouche, requesting that the City take action to adhere to the terms of its contract with the plaintiff and to cease its current operations at the 7th Avenue and Washington Street construction site. This letter was also sent to city attorney, James Meyer, Vanesse Dabney, Redevelopment Commission counsel, Gil King, and Bucko Construction Company. *See Exhibit B.*

16. The defendants continue to cause C & D material to be hauled and disposed of, by Bucko, from the 7th Avenue and Washington Street site without utilizing the services of the plaintiff who has the only valid contract to perform the services. *See Exhibit C.*

17. As a result of the City of Gary's failure to adhere to the terms of its contract with plaintiff, and the continued activities of Bucko, the plaintiff is suffering irreparable harm to its business. Unless the challenged actions of the defendants are enjoined immediately, the conduct of the defendants will continue and the plaintiff will be irreparably harmed.

### III. *Legal Claims*

18. By ordering Bucko, and not the plaintiff, to haul and dispose of C & D at the 7th Avenue and Washington Street construction site, the City breached its contract with the plaintiff dated January 26, 2005.

### IV. *Relief*

WHEREFORE, the plaintiff requests the following relief:

a. Pursuant to Rule 65, IRTP, temporary, preliminary and permanent injunctive relief enjoining the defendants from continuing to haul and dispose of C & D material at the 7th Avenue and Washington Street site in Gary, Indiana unless, the City of Gary adheres to the terms of its contract for these services with the plaintiff;

b. A declaratory judgment, based upon the detail provided in the City of Gary's bid documents and common knowledge, defining C & D as all material that is produced from a construction and demolition site, excluding concrete.

c. A declaratory judgment determining that the plaintiff is the only company contractually authorized to haul and dispose of C & D material from City of Gary construction projects for the duration of its contract with the City of Gary;

d. Order the City of Gary to notify the plaintiff of each instance in which any projects which involve the hauling and disposal of C & D are scheduled;

e. Order the City of Gary to provide an accounting of all C & D material hauled from the site and disposed of; including weigh tickets from Bucko Construction and any invoices submitted to the City of Gary by Bucko Construction for this project;

f. Award the plaintiff compensatory damages and prejudgment interest for the revenues lost by the plaintiff

as a result of the City of Gary's breach of contract;

g. Order a continuing injunction against the defendants preventing them from taking any further actions in contravention of the plaintiff's contract with the City of Gary and, all other just and proper relief.

\* \* \* \* \* \*

Appellant's Appendix at 9–12.

The trial court held a hearing on the preliminary injunction on March 30 and 31, 2005. At the hearing, the City filed a "Motion in Opposition and/or to Dismiss Plaintiff's Claim for Injunctive Relief," which the trial court denied. Transcript at 12. On March 31, 2005, the trial court entered the following order:

Preliminary Injunction Order

This cause came to be heard on the plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. It appearing to the Court that the defendants having expressed their clear intention to commit the acts set forth in the plaintiff's Brief in support of its Motion, and that the defendants will do so unless restrained by Order of this Court, and it having been shown by the plaintiff that there will be a clear violation of plaintiff's contractual rights, and that the plaintiff will suffer immediate and irreparable injury to its reputation and business if the defendants are not enjoined from taking further action at the 7th Avenue and Washington Street site in Gary, Indiana.

It is therefore ordered that the defendants, their agents, servants, employees, consortiums, associations, attorneys and all other persons in act of concert and/or participation with the defendants, are restrained in any manner, either directly or indirectly, from transporting, removing or disposing of construction and demolition debris, excluding concrete, from the construction site at issue, unless the transportation and/or disposal is conducted by the plaintiff.

It is further ordered that this order shall expire within ten (10) days after entry unless good cause is shown for its extension, or unless the defendant consents that it may be extended for a longer period of time.

The plaintiff is required to post a security bond of $50,000.00 surety.

It is further ordered that the hearing for Permanent Injunction be assigned for hearing on the 5th day of April, 2005 at 9:00 a.m.

It is further ordered that copies of this order be immediately served upon the defendants pursuant to the trial rules.

Appellant's Appendix at 36–37.

On April 4, 2005, the City filed a motion for change of venue from the judge and filed a motion objecting to the setting of a permanent injunction hearing. On April 5, 2005, Enterprise filed a motion in opposition to the City's motions. On April 5, 2005, the trial court judge denied the City's objection to the setting of a permanent injunction and granted the City's motion for change of venue from the judge. The City objected to the trial court's jurisdiction at the beginning of the hearing on the permanent injunction, which the trial court noted. The trial court held the hearing on the permanent injunction, and granted a permanent injunction. The trial court entered the following order:

### ORDER OF PERMANENT INJUNCTION

This cause came to be heard upon the Court's issuance, on March 31, 2005, of a Preliminary Injunction and subsequent hearing for Permanent Injunction held

on April 5, 2005. It appearing to the Court that the defendants having expressed their clear intention to commit the acts alleged by the Plaintiff, and that the defendants will do so unless restrained by Order of this Court, and it having been shown by the plaintiff that there will be a clear violation of plaintiff's contractual rights, and that the plaintiff will suffer immediate and irreparable injury to its reputation and business if the defendants are not enjoined from taking further action which is inconsistent with the terms and conditions of the contract between the defendant, City of Gary, and the Plaintiff.

It is therefore ordered that the defendants, their agents, servants, employees, consortiums, associations, attorneys and all other persons in act of concert and/or participation with the defendants, are permanently enjoined in any manner, either directly or indirectly, from transporting, removing or disposing of construction and demolition debris, including asphalt and excluding concrete only, from, or on, the construction site at issue, unless the transportation and/or disposal is conducted by the plaintiff.

It is further ordered that the defendants are specifically enjoined from taking any action which would, either directly or indirectly, interfere with the plaintiff's ability to perform under the terms of its contract with the defendant, City of Gary, and which would further harm the business reputation of the plaintiff.

The plaintiff is required to post a bond in the amount of $50,000 with the Court Clerk as surety.

It is further ordered that copies of this order be immediately served upon the defendants pursuant to the trial rules.

*Id.* at 14–15. On April 8, 2005, the City filed a notice of appeal.

## I.

■ The first issue is whether the trial court had jurisdiction to issue a permanent injunction after it had granted the City's motion for change of venue from the judge. The issue of jurisdiction is a question of law. *Lakes and Rivers Transfer, a Div. of Jack Gray v. Rudolph Robinson Steel Co.*, 736 N.E.2d 285, 289 (Ind.Ct.App. 2000). Thus, our review is de novo. *Id.*

At the beginning of the hearing on the permanent injunction, the trial court judge granted the City's motion for change of venue from the judge and indicated that it still had jurisdiction to hear the permanent injunction. The trial court stated:

> ... I'm going to—as to Plaintiff's motion in opposition to the motion for change of venue from the Judge, I will grant that and name a panel.
>
> However, it's true what Attorney King read from Trial Rule 76. It says, under B civil actions—doesn't have to be verified, doesn't have to give reasons, then it's automatic; however, you have to take into account also Trial Rule 79(O) which states Emergencies. An [sic] all injunctive relief is deemed to be of an emergency nature because it seeks extraordinary equitable relief and see because jurisdiction must exist somewhere.
>
> Now, you're entitled, correct, you're entitled to a motion for change of venue, that's why the Court will grant it and we'll name a panel ....
>
> \*     \*     \*     \*     \*     \*
>
> However, as to the permanent injunction hearing today, this Court still has the jurisdiction because the role of the Courts is to maintain the status quo and says jurisdiction must be somewhere. It can never be in limbo.

Supplemental Transcript at 22–23. The City raised the issue of whether the trial court had jurisdiction to rule on the permanent injunction in the following exchange:

> [Attorney for the City]: Your Honor, I know the Court has ruled and, at a risk of incurring Court's—incurring the Court's displeasure, I just want to make one comment on what you just said and I want you to please consider it.
>
> I agree with the Court that jurisdiction must be somewhere; however, the part all—oral injunctions are emergency circumstances. I disagree on that point only to the extent—when you talk about a TRO and when you talk about a preliminary injunction, that's the emergency situation where the Court issues some type of order to keep the status quo.
>
> But when you talk about a permanent injunction, that's the final order, and that was the root of what I'm saying. What I'm saying, your Honor, is that is [sic] no emergency situation because the TRO and the preliminary injunction is intended to keep the status quo until you have the final hearing for the permanent injunction.
>
> That's—that—and I would ask the Court to—
>
> THE COURT: I understand—

[Attorney for the City]:—consider that.

THE COURT: And I appreciate that, thank you. The record will so reflect. *Id.* at 24.

■ Ind. Trial Rule 76(B) governs motions for changes of venue, and provides in pertinent part:

> \*  \*  \*  \*  \*  \*
>
> (B) In civil actions, where a change may be taken from the judge, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the judge.
>
> \*  \*  \*  \*  \*  \*

"When a motion for change of venue from the county or the judge is filed in a civil action within the time period prescribed by TR. 76, the duty to grant the change of venue motion is mandatory upon the presiding judge." *Hoagland,* 168 Ind.App. at 265, 342 N.E.2d at 867–868. "It is the general rule that once a proper and timely motion for change of venue is filed, the trial court is divested of jurisdiction to take further action except to grant the change of venue." *Id.* at 268, 342 N.E.2d at 869. The City timely filed its motion for a change of venue from the judge.[4]

---

4. Ind. Trial Rule 76(C)(5) provides:

   Where a party has appeared at or received advance notice of a hearing prior to the expiration of the date within which a party may ask for a change of judge or county, and also where at said hearing a trial date is set which setting is promptly entered on the Chronological Case Summary, a party shall be deemed to have waived a request for change of judge or county unless within three days of the oral setting the party files a written objection to the trial setting and a written motion for change of judge or county.

Here, on Thursday, March 31, 2005, the trial court scheduled a hearing on a permanent injunction for April 5, 2005. On Monday, April 4, 2005, the City filed a "Motion for change of Venue from the Judge, and Proposed Order" and a "Motion Objecting to the setting of a permanent injunction hearing." Appellant's Appendix at 6. Ind. Trial Rule 6 provides that "[i]n computing any period of time prescribed or allowed by these rules . . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included unless it

Further, the trial court granted the City's motion for change of venue from the judge at the beginning of the hearing on the permanent injunction.

Ind. Trial Rule 79 governs special judge selection and provides, "When the appointment of a special judge is required under Trial Rule 76, the provisions of this rule constitute the exclusive manner for the selection of special judges in circuit, superior, probate, municipal, and county courts in all civil and juvenile proceedings." Ind. Trial Rule 79(A). Further, Ind. Trial Rule 79(O) provides: "Emergencies. Nothing in this rule shall divest the original court and judge of jurisdiction to hear and determine emergency matters between the time a motion for change of judge is filed and the appointed special judge accepts jurisdiction." Thus, the trial court had jurisdiction for emergency matters. *See Smith v. Indiana State Bd. of Health,* 158 Ind. App. 445, 453, 303 N.E.2d 50, 54 (1973) ("It is our opinion that jurisdiction in the cause was retained by [the trial judge] for emergency matters, even though a change of judge had been granted. To hold otherwise would not only contravene sound policy considerations and ruling precedent, it would allow a defendant to file for a change of judge simply to divest the local court of emergency jurisdiction."), *cert. denied,* 419 U.S. 836, 95 S.Ct. 63, 42 L.Ed.2d 62 (1974).

■ The City argues that the trial court lacked jurisdiction to hear the motion for permanent injunction because it was not an emergency matter. "[T]he common meaning of 'emergency' is an 'unforeseen combination of circumstances or the resulting state that calls for immediate action.'" *Bedree v. DeGroote,* 799 N.E.2d 1167, 1173 (Ind.Ct.App.2003) (quoting Merriam–Webster OnLine Dictionary, available at http://

www.m-w.com.home.htm.), *trans. denied.* The Indiana Supreme Court has held:

> It is the general rule that when a proper motion for change of venue from the county is filed the court in which it was filed loses jurisdiction in the case. But jurisdiction must continue in some court, and until the court to which the venue was changed acquires jurisdiction by the receipt of transcript, the original court must retain jurisdiction to make any · necessary emergency interlocutory orders.

*Indianapolis Dairymen's Co-op. v. Bottema,* 226 Ind. 260, 265, 79 N.E.2d 409, 411–412 (Ind.1948) (internal citations omitted). "The 'original court' retains jurisdiction as to emergency matters and matters which need prompt determination." *Raikos v. Nehring,* 527 N.E.2d 1141, 1145 (Ind.Ct. App.1988). Thus, here, after the City filed its motion for change of venue from the judge, the trial court judge had jurisdiction to make any emergency orders.

■ In *Hoagland,* we noted that "a trial court would have jurisdiction to grant a preliminary injunction pending the perfection of the change of venue." *Hoagland,* 168 Ind.App. at 268 n. 5, 342 N.E.2d at 870 n. 5 (relying on *Bottema,* 226 Ind. 260, 79 N.E.2d 409). Distinguishing a preliminary injunction from a permanent injunction is instructive in determining whether a permanent injunction is an emergency matter. A preliminary injunction is an interlocutory order. *See* Ind. App. Rule 14 A(5). "A preliminary injunction is issued while an action is pending, while a permanent injunction is issued upon a final determination." *Ferrell v. Dunescape Beach Club Condominiums Phase I, Inc.,* 751 N.E.2d 702, 713 (Ind.Ct. App.2001) (citing *Plummer v. American Inst. of Certified Pub. Accountants,* 97 F.3d 220, 229 (7th Cir.1996) (noting that

---

is ... a Sunday." Thus, the City met the requirements of Ind. Trial Rule 76(C)(5) by

timely filing its motion for a change of venue from the judge and did not waive this issue.

permanent injunction, as opposed to preliminary injunction, is not provisional in nature, but rather is final judgment)). Further, a trial court considers a slightly modified factor when determining the propriety of a permanent injunction.[5] Thus, we conclude that a permanent injunction is not an emergency matter. *See Barton v. Fuller,* 249 Ind. 100, 101, 231 N.E.2d 35, 36 (1967) (holding that the trial court entered a final judgment by issuing a permanent injunction against the appellants). Accordingly, the trial court did not have jurisdiction to enter a permanent injunction after it had already granted the City's change of judge motion. *See Justak v. Bochnowski,* 181 Ind.App. 439, 446, 391 N.E.2d 872, 877 (1979) (holding that trial court judge could not rescind an entry of judgment after party had filed a motion for a change of judge and for a change of venue from the county because "upon filing of the motion, the trial court was divested of jurisdiction except to grant the change of venue and to hear emergency matters"), *cert. denied,* 449 U.S. 828, 101 S.Ct. 92, 66 L.Ed.2d 31 (1980).

## II.

■■■ The second issue is whether the trial court's grant of a preliminary injunction was clearly erroneous.[6] We note that the preliminary injunction expired on "the 5th day of April, 2005 at 9:00 a.m." and the City filed its notice of appeal on April 8, 2005. Appellant's Appendix at 37. Thus, the preliminary injunction had already expired when the City filed its notice of appeal and we will not address the preliminary injunction because the issue is moot. *See In re Lawrance,* 579 N.E.2d 32, 44–45 (Ind.1991) (holding that "[a]n appeal becomes moot and should be dismissed when the controversy or dispute originally existing at the time of the commencement of the action ceases to be a concrete one requiring settlement, loses its essential character, is no longer live, or the court on appeal is unable to render effective relief"); *Bartholomew County Hosp. v. Ryan,* 440 N.E.2d 754, 757 (Ind.Ct.App. 1982) (holding that the issues relating to the trial court's injunction which expired by its own terms were moot); *abrogated on other grounds by Lawrance,* 579 N.E.2d at 37 n. 2; *Rowe et al. v. Bateman et al.,* 153 Ind. 633, 635, 54 N.E. 1065, 1065 (1899) (dismissing an appeal because "the only real question, therefore, as originally involved in this case, has been by lapse of time eliminated, and nothing now remains

---

**5.** When determining the propriety of a preliminary injunction, the trial court considers whether the plaintiff can demonstrate a reasonable likelihood of success on the merits. *Ferrell,* 751 N.E.2d at 712–713. When a permanent injunction is involved, the trial court considers whether the plaintiff succeeded on the merits. *Id.* at 713.

**6.** We note that generally a preliminary injunction is dissolved by the issuance of a permanent injunction. *See Barton,* 249 Ind. at 101–102, 231 N.E.2d at 36 (holding that the appeal be dismissed for mootness where a temporary order appeal had been dissolved by issuance of a permanent writ); *Nordman v. North Manchester Foundry, Inc.,* 810 N.E.2d 1071, 1073 n. 2 (Ind.Ct.App.2004) (holding that appellant's claim that the trial court

erred because it granted a temporary restraining order fails because the trial court "entered a permanent injunction, which is a final judgment, thereby making his argument moot"). However, the trial court did not have jurisdiction to issue a permanent injunction. Therefore, the permanent injunction had no effect on the preliminary injunction. *See Terry v. State,* 602 N.E.2d 535, 543 n. 4 (Ind.Ct.App.1992) (holding that the order issued had no effect because the judge did not have jurisdiction); *International Alliance Theatrical Stage Employees v. Sunshine Promotions, Inc.,* 555 N.E.2d 1309, 1315 n. 5 (Ind.Ct.App.1990) (holding that injunction was void because the trial court lacked jurisdiction and "[a] void judgment is of no effect").

for our decision but an abstract proposition"), *petition to modify mandate granted on other grounds,* 153 Ind. 633, 55 N.E. 754 (1899).

For the foregoing reasons, we reverse the trial court's grant of a permanent injunction.

Reversed and remanded.

DARDEN, J. and BAILEY, J. concur.