# IN THE COURT OF APPEALS OF IOWA

No. 14-0921
Filed March 25, 2015

**FRANK BAXTER GENERAL CONTRACTOR, INC.,**
　　Cross Claim and Third-Party Plaintiff/Appellee,


**WASHINGTON COMMUNITY SCHOOL DISTRICT
and DB ACOUSTICS, INC.,**
　　Cross Claim Defendants,

and

**QUINCY LIGHTING AND HOME CENTER,
INC., f/k/a HEINTZ ELECTRIC COMPANY,**
　　Third-Party Defendant-Appellant.

vs.

**WASHINGTON COMMUNITY SCHOOL DISTRICT,
TRAVELERS CASUALTY & SURETY COMPANY
OF AMERICA, and FRANK BAXTER GENERAL
CONTRACTOR, INC.,**
　　Defendants.
_____

　　Appeal from the Iowa District Court for Washington County, Joel D. Yates,

Judge.


　　Subcontractor appeals from the district court's order following the

contractor's motion to dismiss. **APPEAL DISMISSED.**

Gregory M. Lederer and Brenda K. Wallrichs, of Lederer Weston Craig, P.L.C., Cedar Rapids, for appellant Heintz Electric Company n/k/a Quincy Lighting & Home Center, Inc.

Richard L. Fehseke III of Fehseke & Gray Law Offices, Fort Madison, for appellee Frank Baxter General Contractor, Inc.

Thomas P. Murphy of Hopkins & Huebner, P.C., Adel, for appellee Washington Community School District.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

Subcontractor Quincy Lighting and Home Center, Inc., appeals from the district court's order following a voluntary motion to dismiss by Frank Baxter General Contractor, Inc. Quincy maintains the district court erred when it concluded it had no jurisdiction to consider Quincy's claim following Baxter's voluntary motion to dismiss. Because the district court properly concluded it lacked jurisdiction, we dismiss Quincy's appeal.

**I. Background Facts and Proceedings.**

Baxter was the general contractor on a project involving Washington Community School District, and Quincy was one of the subcontractors on the project. The original dispute arose after the completion of the project.

On May 26, 2009, in response to a written demand served by Baxter and the school district, subcontractor Great River Contractors, L.L.C. filed a suit asserting it had provided labor and materials without being fully compensated by Baxter. Subcontractor DB Acoustics, Inc. intervened in the initial action, and subcontractor Midwest Alarm Services, Inc. filed a separate action.

On July 7, 2009, Baxter filed a motion to consolidate the two actions. Baxter also filed an answer, counterclaim, cross-claim, and third party petition for declaratory ruling. Within the filing, Baxter identified Quincy as a party having an interest in the section 573.13 fund and asked the district court to adjudicate all parties' claims and ultimately allocate the funds.

Great River's claim was dismissed on May 9, 2011.

Baxter eventually filed for summary judgment on November 6, 2013. Baxter asserted that DB Acoustics, Midwest Alarm, and Quincy had not timely

brought actions to enforce their claims and, as a result, their claims should be dismissed. During the course of the summary judgment proceedings, both DB Acoustics and Midwest Alarm settled their claims with Baxter and dismissed their actions. That left only Baxter's pleadings.

On May 5, 2014, Baxter filed a motion to voluntarily dismiss its counterclaims, cross-claim, and third party petition for declaratory ruling. Quincy then filed a motion requesting the district court strike Baxter's dismissal or, in the alternative, to reinstate the declaratory proceeding.

On May 15, 2014, the district court filed an order, stating, in part:

> Baxter filed its dismissal more than ten days prior to trial. Baxter's dismissal removed the remaining cause of action prior to trial. Quincy did not join in Baxter's Third Party Petition, nor did it ever file any type of pleading seeking any type of relief. Accordingly, the Court does not have jurisdiction to rule on any motion, given Baxter's dismissal. Accordingly, this matter is now removed from the May 20, 2014 trial docket.

Quincy appeals.

## II. Standard of Review.

We review rulings on motions to dismiss for correction of errors at law. *Star Equip. Ltd. v. State*, 843 N.W.2d 446, 451 (Iowa 2014).

## III. Discussion.

Quincy maintains the district court erred when it concluded it had no jurisdiction to consider Quincy's claim following Baxter's voluntary motion to dismiss.

Here, it is undisputed that Quincy failed to file an answer or any pleadings with a claim of relief and did not join Baxter's petition. After DB Acoustics and Midwest Alarms dismissed their claims, only Baxter's pleadings remained.

Baxter filed its voluntary dismissal more than ten days prior to trial.  Iowa R. App. P. 1.943  ("A party may, without order of court, dismiss that party's own petition, counterclaim, cross-claim, cross-petition or petition or intervention, at any time up until ten days before the trial is scheduled to begin.").  Rule 1.943 gives a plaintiff an "absolute right" right to dismiss an action, and the dismissal terminates the court's jurisdiction of the action.  *See Venard v. Winter*, 524 N.W.2d 163, 167 (Iowa 1994) (discussing same rule under former number 215).

After Baxter dismissed its petition, there were no pending matters left before the court, and the district court correctly concluded it had no jurisdiction to consider Quincy's claims.  Thus, we dismiss Quincy's appeal.  *See State ex rel. Turner v. Midwest Dev. Corp.*, 210 N.W.2d 525, 526 (Iowa 1973) ("Since the case from which this appeal stems is now nonexistent there is no alternative but to order the dismissal hereof.").

**APPEAL DISMISSED.**